## Hart & Commodari Construction Co. v. Turner et al.

(Decided Nov. 1, 1935.)

CRAFT & STANFILL for appellant.

A. H. PATTON and A. S. JOHNSON for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This is an appeal from a judgment affirming an award made by the Workmen's Compensation Board.

## The Facts.

On August 12, 1933, Andy Turner was working for the Hart-Commodari Construction Company as a night watchman.

He was attacked while on watch by three men, who robbed him and shot him through his right elbow, as a result of which, after a long hospital experience, he now has a right arm that is stiff and without motion below the elbow, so the attending surgeon testifies, and Turner testifies:

"I am able to do what I can do with one hand mostly, and I am not able to do as much work or any work as I was before."

No evidence was offered by the employer. All agree Turner was then earning $6 per week.

## The Board's Finding.

"It is ordered by the board that plaintiff recover from the defendant for 16 weeks' temporary total disability at 65 per cent. of $6.00 weekly wage, or $3.90 per week, from August 20, 1933, and for 319 weeks from end of 16 weeks' temporary total disability at 50 per cent. of $3.90, or $1.95 per week, and interest upon all back-due installments, and as the partial total is less than $3.00 per week it is increased to $3.00 per week and the weeks decreased accordingly. The doctor and hospital bills are fixed at $100.00, which the claimant will recover of the defendant."

## Complaint and Conclusions.

Appellant says that by section 4899, Ky. Stats., this recovery is erroneous, for it is there provided: "for the loss of an arm, sixty-five per cent [65%] of the average weekly wages during two hundred weeks." Appellant says Turner has not even lost an arm, yet he has been awarded more than he would have received had he lost his arm. It says his recovery at the most should be limited to 50 per cent. of 200 weeks, or 100 weeks all told.

Further on, in section 4899, it is provided:

"In all other cases of permanent partial disability, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employee, compensation shall be determined according to the percentage of disability, taking into account, among other things, any pre-

vious disability, the nature of the physical injury or disfigurement, the occupation of the injured employee and age at the time of injury; the compensation paid therefor shall be sixty-five per cent [65%] of the average weekly earnings of the employee * * * multiplied by the percentage of disability caused by the injury, for such period as the board may determine, not exceeding 335 weeks."

Exactly the question raised by this employer was raised by an employer in Northwestern Fuel Co. v. Industrial Commission, 161 Wis. 450, 152 N. W. 856, Ann. Cas. 1918A, 533, for an injury identical with this one, and it was decided adversely to the contention of this employer, and that has become one of the leading cases on the question.

The last provision of section 4899, copied above, like similar provisions in statutes in other jurisdictions, is usually referred to as the "other cases clause." This clause applies in those cases where the nature of the disability is such that it could not be compensated for under the previous specific schedules of the statute. 71 C. J. p. 834, sec. 548.

Some of the cases in which we have so applied this clause are: Kentucky Distilleries & W. Co. v. James, 205 Ky. 185, 265 S. W. 629; Mills v. Mills & Connelly, 214 Ky. 675, 283 S. W. 1010; Consolidation Coal Co. v. Crislip, 217 Ky. 371, 289 S. W. 270; Consolidation Coal Co.'s Receivers v. Patrick, 254 Ky. 671, 72 S. W. (2d) 51; Three Rivers Oil Corporation v. Harper, 258 Ky. 253, 79 S. W. (2d) 972.

When we view this award and the judgment before us in the light of those decisions and in the light of the province of the board to pass on the facts, we find no prejudicial error in it; therefore the judgment is affirmed.