## Leckie Collieries Co. v. Branham et al.

(Decided Dec. 6, 1938.)

HARMAN, FRANCIS & HOBSON for appellant.

FRED MEADE and M. O. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellee Branham was injured in October, 1935, in a slate fall while operating a coal cutting machine at appellant's mine. His third lumbar vertebra was fractured, and he suffered injuries about his hips. Both parties were operating under the provisions of the Workmen's Compensation Act, Kentucky Statutes, section 4880 et seq., at the time of the accident. Branham received medical treatment and was paid maximum compensation for about a year. When the mine superintendent asked Branham to go to work on the tipple picking bone, Branham would not do so, because, as he later testified, he felt that he was not able to work. On October 15, 1936, Branham applied to the Workmen's Compensation Board for adjustment of his claim.

In its opinion and award, April 20, 1937, the Board stated under the heading "Findings of Facts" that "the injury resulted in a fracture of the third lumbar vertebra, and injuries to the hips, which permanently and totally disabled him from performing the grade and class of work he was engaged in at the time of the injury."

Under the heading "Rulings of Law" the Board said:

"In determining the extent and degree of disability, proper consideration must be given to the employee's occupation, capacity and loss of opportunities to obtain employment, in addition to his impairment, Olson v. Triplett, 255 Ky. 724, 75 S. W. (2d) 366."

Branham was awarded compensation at the rate of $15 a week for a period of 400 weeks, credit being allowed appellant for compensation already paid. An allowance not to exceed $100 was also made for hospital bills resulting from Branham's injury.

Appellant petitioned the Pike circuit court for a review of the award, contending that the finding of fact by the Board was not sufficient to support the award of permanent and total disability, and that the Board made no finding of fact that Branham was unable to work at remunerative employment. Further error was alleged because all hospital bills resulting from Branham's injury had already been paid by appellant. The circuit court upheld and affirmed the award made by the Board. From this judgment appellant appeals.

While appellant's brief makes no reference to the part of the Board's order that the appellant "pay such hospital bills incurred by reason of this injury not to exceed the sum of $100.00," the question can be disposed of simply. This part of the award was merely a direction that hospital bills be paid by appellant up to the amount of $100. If they have already been paid, that ends the story.

Appellant vigorously contends that the finding of fact by the Board that Branham was permanently and totally disabled from performing the grade and class of work he was engaged in at the time of the injury does not support its award of total permanent disability because he was able to do some work. It must not be

overlooked that Branham's refusal to pick bone, as directed by the superintendent, occurred prior to the hearing before the Board's Referee. Section 4900 of the Statutes reads as follows:

"If an injured employee refuses employment reasonably suited to his capacity and physical condition procured for him, he shall not be entitled to compensation during the period of such refusal unless, in the opinion of the board, such refusal was justifiable."

It is for the Board and not the employer to determine whether or not the refusal to work was justifiable. The Board's opinion makes reference to this section (section 19 of the Workmen's Compensation Act).

Five doctors testified in the case; three for appellant and two for appellee. The doctors testifying for appellant stated that Branham's permanent partial disability was about 35%. The general tone of their testimony was that he would not be able to resume his former occupation, or to load coal in a low top mine. They stated, however, that, in their opinion, he could do a low grade of work. The two doctors who testified for appellee stated that, in their opinion, he was permanently injured and would never be able to return to the business of mining coal, but that he might be able to do a little work that did not require the use of his back. In summing up the evidence the Board said:

"We have no doubt as to the seriousness of plaintiff's injury and under the circumstances and the evidence, it becomes a very hard task to decide just the degree of disability. Taking into consideration, the fact that the plaintiff is totally incapacitated for the work to which he is accustomed, and that on account of his limitation of motion, and the other physical conditions found to exist, his opportunities to go out on the labor· market and secure employment and compete therein with his fellow workmen, we are impelled to conclude he is totally disabled, and that his disability is very likely to be permanent."

The Workmen's Compensation Board is vested with broad discretionary powers. As stated in the case of Olson v. Triplett, 255 Ky. 724, 75 S. W. (2d) 366, we are not concerned with weighing or determining conflicting evidence, or judging the preponderance of the evidence;

that is for the Board. The question for us to determine is whether there was any evidence of a probative and substantial nature which would support the finding of the Board. In the Triplett Case, supra, we said [page 368]:

"It is a well-settled rule that 'total disability' does not mean absolute helplessness or entire physical disability. It means loss of earning power as a workman, in consequence of the injury, whether the loss manifested itself in inability to perform such work as may be obtainable or inability to secure work to do. Consolidation Coal Company v. Crislip, 217 Ky. 371, 289 S. W. 270. In the Crislip Case, supra, it was held that an injured employee is 'totally disabled' when he is disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment. Conceding, without deciding, that Triplett is able to perform some light work as a carpenter, yet it is common knowledge that he would find difficulty in obtaining employment as a carpenter unless he was physically able to discharge all the duties ordinarily expected and required of a carpenter.

"In view of the evidence of Triplett and Drs. Speidel and Keith, it cannot be said that Triplett is not disabled to perform the duties of a carpenter in a substantial and efficient manner as he did before his injury, and, therefore, he is totally disabled within the meaning of that phrase as above defined. Lehigh Construction Company v. Womble, 251 Ky. 150, 64 S. W. (2d) 479, and cases cited therein; Moore v. Peet Brothers Manufacturing Company, 99 Kan. 443, 162 P. 295."

In the case at bar the occupation of Branham, a man 43 years of age, was coal mining. There was evidence before the Board that he was totally incapacitated for this class of work. We are constrained to hold, therefore, that the judgment of the lower court should be upheld. As pointed out, the final determination of whether or not an injured employee is able to do work procured for him by his employer under section 4900 of the Statutes is for the Board and not the employer to determine. If appellant feels that there is a change in Branham's condition to such an extent that he is able to go back to work as a coal miner, a petition for review

of the case may be made to the Board under section 4902 of the Statutes.

Judgment affirmed.