## Patton v. Travis et al.

Nov. 28, 1944.

Craft & Stanfill for appellant.

A. C. Moore for appellees.

OPINION OF THE COURT BY JUDGE HARRIS—Reversing.

The appellant and the appellee were operating under the provisions of the Workmen's Compensation Act, KRS 342.001 et seq.—the former as the owner and operator of fluorspar mines, and the latter as a laborer

in "timbering in shafts and levels and in laying mud sills therein." On the 26th day of August, 1942, in the course of his work, the appellee was seriously and permanently injured in his right hand and wrist by the fall of a heavy rock thereon. He testifies: That he now has no feeling and no grip in his hand and can not close it; that it is crooked and has a knot on it; that at the time he received his injury he was earning $2.80 a day; that since the eighth week following the accident he has been working for the appellant at a wage of $3.20 a day, but in a different type of work, namely, that of rolling ore from back in the drifts to the shafts, where it is hoisted out. The only medical evidence in the case is that of Dr. J. O. Nall. The substance of his testimony is that the appellee's right hand and forearm bear scars; that some of the nerves and tendons of the flexor and extensor muscles of the hand, thumb and fingers were cut; that the broken bones have healed and properly united, except that the lower end of the ulna bone projects up and out in an abnormal condition; that he is able to flex and extend his wrist and move it up sidewise, laterally and medially about one-half to two-thirds of normal; that he is able to flex and extend his thumb and fingers from one-half to two-thirds of normal; that these injuries hamper him in shaving, in feeding himself, in writing; that his right hand, thumb and fingers are almost useless for such practical purposes as buttoning his clothes, lacing his shoes, and for all work that requires him to grasp or lift anything with that hand, such as shoveling, wheelbarrowing and using axes, wrenches, picks and the like; that in his judgment the appellee has sustained a permanent partial disability of from 30% to 50% to his entire right hand. The testimony of the lay witness is to the effect that appellee can not perform the type of work that he was engaged in at the time he was injured, nor can he do any heavy or substantial work that requires the use of his right hand.

At the referee's hearing, and after, Dr. Nall had testified that appellee's injury had resulted in a disability of from 30% to 50% to his hand as a whole, the parties stipulated that such disability was 40%. For some reason the referee did not adopt either the doctor's estimate or the stipulation of the parties. It was his notion, and he found, that in addition to a total disability of eight weeks to the body as a whole, the appellee was entitled to partial permanent disability of 33 1-3% to his

body as a whole for a period of 277 weeks. The full board, on appeal to it, was even more generous with the appellee. It awarded him compensation of $10.92 a week, for a period of not exceeding 400 weeks, on the basis of permanent total disability to his body as a whole. The lower court having sustained the action of the full board, the appellant has appealed.

The Compensation Act provides, and this Court has consistently held, that, in the absence of fraud, the findings of the board are conclusive, unless there is an absence of evidence to support them. But the act also contemplates, and with equal uniformity we have held, that this Court does have jurisdiction to reverse with directions in those instances in which the board acts in the absence of evidence or in excess of its power. A study of the record fully persuades us that this is one of those instances. True, there is ample evidence that the appellee sustained a permanent total disability to his right hand. Indeed, by a slight imposition upon the rule of liberal interpretation, the evidence may be sufficient to authorize a finding of permanent total disability to appellee's arm; but there is an utter lack of evidence that his injury affects his body as a whole, or his ability to labor, or his opportunity to obtain employment, to any greater extent than would be the case if he had suffered a complete severance of his injured member. To be entitled to greater compensation for a mere injury to his hand than for a complete severance thereof the appellee should have evidence to show, or from which it may reasonably be inferred, that his injury is of such nature as to more adversely affect his body, or his mind, or his sense of pain, or his ability to labor, or his opportunity to obtain employment, than would be the case had there been a complete severance. This rule, or principle, is not lacking in consonance with that followed in appellees' cited cases of Leckie Collieries Co. v. Branham, 275 Ky. 748, 122, S. W. 2d 776; Olson v. Triplett, 255 Ky. 724, 75 S. W. 2d 366; Consolidation Coal Co. v. Crispin, 217 Ky. 371, 289 S. W. 270; Lehigh Construction Co. v. Womble, 251 Ky. 150, 64 S. W. 2d 479; Moore v. Peet Bros. Mfg. Co., 99 Kan. 443, 162 P. 295; Consolidated Coal Company's Receivers v. Patrick, 254 Ky. 671, 72 S. W. 2d 51; Black Star Coal Co. v. Powers, 252, Ky. 736, 68 S. W. 2d 30; Jellico Coal Mining Co. v. Chatfield, 200 Ky. 842, 846, 255 S. W. 842-844; Wells Elkhorn Coal Co. v. Vanhoose, 220 Ky.

381, 295 S. W. 464; Broadway & Fourth Avenue Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. 2d 988; Big Elkhorn Coal Co. v. Burke, 206 Ky. 489, 267 S. W. 142; Broughton's Administrator v. Congleton Lumber Co., 235 Ky. 534, 535, 31 S. W. 2d 903. In fact, it is simply an iteration of that rule; and when it is applied in the instant case, it is found that the board and the lower court were in error, since there is no evidence that appellee sustained any disability to his body as a whole that he would not have sustained had he lost his entire hand.

Application of the Ditty rule (Consolidation Coal Company et al. v. Ditty, 286 Ky. 395, 150 S. W. 2d 672) is proper in this case.

Wherefore, the judgment is reversed with direction to the court to remand the case with direction to the board to set aside its award and to proceed consistently herewith.