## Central Truckaway System v. May et al.

Jan. 9, 1945.

Wallis Downing for appellant.

P. J. Clarke for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

This is a workmen's compensation case. It arises out of injuries sustained by the appellee when the truck which he was driving collided with another truck. The Board made an award of permanent total disability compensation under KRS 342.095.

The appellant does not question that it and the appellee were operating under the provisions of the Act;

nor does it question that he is entitled to an award. Its complaint is that the award should have been made on the basis of 80% permanent partial disability under KRS 342.110.

The testimony—which the appellant concedes to be virtually free from conflict—is to the effect that as a result of the accident appellee was unconscious for a period of eight days, or more; his face was crushed; his skull and the bones of his jaws were fractured; his brain and his eyes were injured; his teeth do not properly mesh, with the result that it is only with difficulty that he can masticate his food; his memory and his senses of taste and smell are seriously impaired; his vision is 80% destroyed—he cannot see at all with his left eye and only straight ahead with his right, and then only by the aid of glasses; he suffers frequent pain, has no stamina, cannot walk straight, becomes dizzy, and eventually epilepsy is probable; all of these injuries and disabilities are permanent.

The appellant's first argument is that on the authority of Broadway & Fourth Avenue Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. 2d 988, the question of whether the award should have been made under KRS 342.095 or under KRS 342.110 is one of law and not of fact. Its second argument is that since KRS 342.095 provides that total permanent loss of sight in both eyes shall be considered as constituting total and permanent disability, the implication is inescapable that the legislature intended to exclude from coverage by that section any injury to the eyes that does not result in total blindness; and that since the evidence is undisputed that appellee's sight was only 80% destroyed, and since—so far as the evidence establishes—no one of appellee's other injuries is totally disabling in itself, it follows that the court should hold as a matter of law that appellee's disabilities are only partial, although permanent. In support of this position appellant quotes freely from the statutes and from a great many decisions, both domestic and foreign.

We agree with appellant's contention that the testimony is so free from conflict, and so conducive to only one conclusion, that the question presented becomes one of law and not of fact. But we do not agree with the sum of its argument that several partial disabilities—each and all resulting directly from the same accident—

may not be combined and considered in their aggregate effect upon the injured employee's ability to labor. That position is not supported by any of appellant's cited authorities, and is repugnant to the whole spirit and purpose of the Compensation Act. As recently as November 28, 1944, in the case of Patton v. Travis et al., 298 Ky. 678, 183 S. W. 2d 956, the humane and equitable view is reaffirmed that where an employee suffers to his hand, or his arm, or his foot or his leg, an injury of such nature and degree as to affect his body, or his mind, or his ability to labor, or his opportunity to obtain employment, to a greater extent than would be the case had he suffered a complete severance of the injured member, he should be awarded compensation commensurate with his disability.

By analogy of reasoning, the views and principles herein expressed apply with finality to the recited facts, and render unnecessary any extended consideration of appellant's cited cases.

Judgment affirmed.