## Wood Mosaic Co. v. Brown et al.

January 28, 1947.

Davis, Boehl, Viser & Marcus for appellant.

Ben D. Smith and L. C. Lawrence for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In February, 1942, Kenneth M. Brown suffered a compound fracture to his left arm some three or four inches above the elbow. The muscles at the point of the fracture were almost completely severed and the nerves were injured. The fracture did not unite properly and there is considerable callousness around it. The arm is about one-third larger than normal at the point of the fracture. In September, 1943, the Workmen's Compensation Board found that Mr. Brown was totally and permanently disabled and awarded him compensation on that basis. The Mosaic Company did not appeal from that award and began paying the compensation. In November, 1944, the Company filed a motion before the Board asking that the case be reopened on the grounds of change of condition and mistake. This motion was sustained and the case was reopened for further hearing. Considerable proof was offered by both sides; that of Mr. Brown tending to show that his condition was changing for the worse rather than for the better. Upon final hearing the Board reaffirmed its original award. This ruling was upheld in the Russell Circuit Court.

On this appeal the Company is contending that the Board made a mistake of law in making its award and that compensation should have been allowed on the basis of injury to the arm as a whole and not to the body as a whole. Reliance is placed upon the recent cases of Kentucky Cardinal Coal Corporation v. Delph, 296 Ky. 295, 176 S. W. 2d 886, and Patton v. Travis, 298 Ky. 678, 183 S. W. 2d 956. The decision in the Delph Case was rendered shortly after the Board made the award to Mr. Brown in September, 1943, and, doubtless, prompted the action now before us. While we have some doubt as to whether the Company has a right to maintain the present action, we pass that question, because we have reached the conclusion that the action of the Board should be upheld.

We have noted the character of injury which Mr. Brown received. He was 64 years of age when he was injured. He was left-handed and had worked as a carpenter, blacksmith and coal miner. He has a very limited education and there is testimony showing that a man of his age, with his limited education, would be unable to compete successfully with persons engaged in other

occupations. Furthermore, several witnesses testified that he could not compete successfully with workers engaged in the occupations which he had formerly followed. His medical testimony shows the condition of his arm will grow steadily worse, and that he can not perform manual labor without severe pain. He testified to the same effect. One doctor said there was some motion in the bone at the point of the fracture which gave it the appearance of two elbows. The doctors who testified for the Company said Mr. Brown was in a better position to find employment with his arm in its present condition than if it was removed. They restricted his disability to the arm as a whole. One of the doctors said there were hundreds and thousands of jobs which he could do, but none of them was named. At this point it might be well to say that in the rural section of the state where Mr. Brown lives there is very little industrial development and vocational opportunities are restricted to a relatively small number of fields.

In the Delph and Patton Cases the employee in each instance received an injury to his hand and wrist. In the Delph Case there was no proof that the injury affected any other part of the body, and in the Patton Case the proof showed that the disability was restricted to the hand and wrist, and the employee actually went back to work at a higher wage than he was receiving at the time he sustained his injury, though performing a different character of work.

In the recent case of Black Star Coal Co. v. Surgener, 297 Ky. 653, 181 S. W. 2d 53, the employee received a compound fracture of the large bone in his left leg. The bone did not unite properly and there was some motion in it. The medical testimony was to the effect that Surgener would never be able to perform manual labor because it would be impossible for him to stand on his feet for any length of time. Surgener did secure a job in a defense plant, but there his work did not require that he be on his feet. We approved an award of compensation on the basis of total disability for Surgener, with the offset provision approved in the case of Consolidation Coal Co. v. Ditty, 286 Ky. 395, 150 S. W. 2d 672.

As said in the case of Leckie Collieries Co. v. Bran-

ham, 275 Ky. 748, 122 S. W. 2d 776, total disability within the meaning of the Compensation Act, KRS 342.001 et seq., does not mean absolute helplessness or entire disability, but rather the loss of the claimant's earning power as a workman, whether manifested in ability to perform work obtainable or the inability to secure work. As pointed out in the Patton Case, we have frequently held that, where an injury to an arm or leg is of such nature as to more adversely affect the worker's body or his mind or his sense of pain or his ability to labor or obtain employment, compensation may be awarded on the basis of the injury to the body as a whole rather than to the member injured. We believe the case before us to be such a one. Here is an elderly man who has sustained a severe injury to his left arm. He is left-handed, and has always been engaged in manual labor. There is motion at the point of the injury, and there is testimony showing that his condition will grow worse rather than better. He offered proof showing that he could not compete with workers engaged in his former occupations, and also that it would be very unlikely, because of his age and educational training, that he could fit himself for a new job. His arm pains him a great deal, and his doctors said that he could not use it to any great extent and then only with pain.

Under the circumstances, we think the judgment should be and it is affirmed.