## American Bridge Co. v. Reit et al.

January 31, 1947.

William Mellor and Bullitt & Middleton for appellant.

Otto C. Martin for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On February 9, 1942, Richard Reit, while employed as a structural steel worker by the American Bridge Company, received a permanent injury to his right foot. He fell from a building and fractured a bone in the heel. His injury was described as follows by Dr. Orville Miller who examined him on February 18, 1944, and testified at the hearing before the Workmen's Compensation Board on May 12, 1944: "Well I found 'that he limped with the right foot; that there was an abnormal widening of the heel and that there was limitation of motion of the foot in all directions. An examination of the X-ray taken of the foot showed that there was a fracture of the os calcis, with some slight displacement of the fragments—large fragments—and that the joint

between the os calcis and the astragalus had been involved in the fracture; that there was an alteration of the articulation between the astragalus and os calcis and that the healing had not completely taken place."

At the time of the accident Reit was earning about $60 a week. He was unable to work for 18 weeks after the injury, and was paid compensation at the rate of $15 a week. During the next 35 weeks he worked a total of 11 weeks for the American Bridge Company, and was paid a wage equal to or greater than the average weekly wage he was receiving at the time of the accident. During the remaining 24 weeks of this period he was unable to work, and was paid compensation at the rate of $15 a week. From February 25, 1943, until May 13, 1944, when he was discharged, Reit worked for American Bridge Company as a "scrap steel burner," and was paid a weekly wage in excess of $60. As a scrap steel burner he used an acetylene torch to cut discarded steel beams into sizes suitable for melting in a furnace, and he could work while sitting down or kneeling. His duties while so employed did not require any climbing nor did they compel him to stand on his feet for long periods of time. He testified that he suffered constant pain in his injured heel, and that when he walked or stood on his feet his right foot swelled and the pain increased. Two physicians testified for the claimant and one for the employer. All agreed that his injury is permanent, and that he will probably continue to suffer pain. They also agreed that his injury precludes him from performing the major duties of a structural steel worker. They disagreed as to the efficacy of an operation for the purpose of relieving the painful condition. On February 19, 1944, a referee of the Workmen's Compensation Board found that Reit was totally disabled, and awarded him compensation accordingly under KRS 342.095. Upon a full Board review the referee's award was set aside and Reit was awarded compensation at the rate of $15 a week for 125 weeks for the loss of a foot under the provisions of KRS 342.105. Reit filed a petition for review in the Henderson circuit court, which set aside the award and remanded the case to the Board with directions to find as a fact the percentage of disability to the claimant's body as a whole. The pertinent part of the judgment reads: "The September 19, 1944 award of the

Workmen's Compensation Board is set aside for the reason that such award is erroneous and contrary to law, because the plaintiff, Richard Reit, sustained an injury to, rather than a physical loss of, his right foot and the Board therefore should have made an award based upon the percentage of disability to plaintiff's body as a whole under the provisions of KRS 342.110 or KRS 342.095 rather than limit recovery to the loss of a foot under the provisions of KRS 342.105.''

On this appeal the American Bridge Company insists that the Board, under the authority of Patton v. Travis, 298 Ky. 678, 183 S. W. 2d 956, correctly made an award for only the loss of a foot under the specific injury statute. The Board apparently construed the opinion in the Patton case as holding that section 342.-105 of the Kentucky Revised Statutes applies not only where a hand, foot or other member is actually severed, but also where the member is merely injured regardless of the nature of the injury. In its opinion the Board said:

"Since this case has been under submission to the Board the Court of Appeals in the case of S. A. Patton v. Alvin Travis et al., on November 29th, 1944, decided the one question presented by this record, viz.:

'' 'Is an employee who sustains an injury to a hand or a foot entitled to compensation under the general provisions of the Compensation Act, or, under the specific schedule of compensation fixed by KRS 342.105?'

"In this late decision where the employee had lost the use of his hand only the rule in the case of Consolidation Coal Company et al. v. Ditty, 286 Ky. 395, 150 S. W. 2d 672 was applied.''

The Board found as a fact that there was no evidence on which to base any finding that Reit sustained a disability to his body as a whole that he would not have sustained had he lost his entire foot at the ankle. The Board misconstrued the opinion in the Patton case. There the Board had awarded compensation to the claimant, who had suffered an injury to his hand, on the basis of permanent total disability when there was no evidence that by reason of pain or other result of the injury, he was handicapped to a greater extent than he

would have been had his hand been severed. In the course of the opinion it was said (298 Ky. 678, 183 S. W. 2d 957): "To be entitled to greater compensation for a mere injury to his hand than for a complete severance thereof the appellee should have evidence to show, or from which it may reasonably be inferred, that his injury is of such nature as to more adversely affect his body, or his mind, or his sense of pain, or his ability to labor, or his opportunity to obtain employment, than would be the case had there been a complete severance."

The opinion held, in effect, that compensation for injury to a hand, foot or other member should be awarded under KRS 342.095 or KRS 342.110, but in no event should the award be greater than the amount fixed by KRS 342.105 where the claimant suffered no greater disability than he would have suffered if there had been a severance of the member. The Workmen's Compensation Board in the present case found that there was no evidence to base any finding that the employee sustained a disability to his body as a whole that he would not have sustained had he lost his entire foot at the ankle, in the face of the uncontradicted evidence that he suffered constant pain in the injured foot, that he could not stand on it for long periods of time, and that the swelling and the pain increased when he walked or stood on it. In Black Star Coal. Company v. Surgener, 297 Ky. 653, 181 S. W. 2d 53, 55, the employee suffered a compound fracture of the large bone in his left leg and the bone failed to unite properly. There was evidence that because of the imperfect union he was unable to bear his weight on his left leg, that his leg became numb and his ankle swelled when he walked or stood, and there was some motion in the fractured bone. There was proof that by reason of the condition of the employee's leg he was totally disabled. This court upheld the award of the Board, and in its opinion said: "The facts in the present case are similar to those in Consolidation Coal Company's Receivers v. Patrick, 254 Ky. 671, 72 S. W. 2d 51, where it was held that an award of compensation larger than the amount provided in the specific schedule for the loss of a leg was authorized, although only the employee's leg was injured. There the injury was confined to the employee's leg which was mangled and incurable sores developed. To the same effect are Black

Mountain Corporation v. Adkins, 280 Ky. 617, 133 S. W. 2d 900; Hart & Commodari Construction Company v. Turner, 261 Ky. 230, 87 S. W. 2d 87. Here there is an imperfect union of the large bone of appellee's leg, the bone is movable, and he suffers pain when he stands or walks. Obviously, the disability to the body is greater than the disability that would have been occasioned by the loss of the leg."

To the same effect is Wood Mosaic Company v. Brown, 303 Ky. 741, 199 S. W. 2d 433.

The Workmen's Compensation Board erred in awarding compensation under the specific injury statute, and the circuit court properly set aside the award and remanded the case. There was evidence authorizing an award under KRS 342.110, which provides for compensation for permanent partial disability resulting from injuries other than those enumerated in KRS 342.105, the specific injury statute. It may be noted in passing that the General Assembly, at its 1946 session, amended section 342.110 of the Kentucky Revised Statutes by increasing the amount that may be allowed for permanent disability to $5,000, and by adding this sentence: "In no event shall compensation for an injury to a member exceed the amount allowable for the loss of such member." Acts 1946, chapter 37, section 6. This amendment, of course, has no bearing on the present case.

The judgment is affirmed.