## Black Mountain Corporation v. Letner et al.

February 4, 1947.

James Sampson, Edward G. Hill and Sampson & Sampson for appellant.

Golden & Lay for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

On July 14, 1943, while appellee and appellant were working under the provisions of the Kentucky Workmen's Compensation Act, KRS 342.001 et seq., appellee received an injury, arising out of and in the course of his employment, to the third finger of his left hand. On July 21, 1943, he again injured the same finger. Blood poisoning developed and he was confined to the hospital nine days.

It is claimed that by reason of his injuries, and the poisoning, the second, third, and fourth fingers of his left hand are permanently injured.

The Board awarded appellee compensation for temporary total disability at the rate of $15 per week for a period of 5 5/6 consecutive weeks, and for partial permanent disability at $1.56 per week for a period of 329 1/6 consecutive weeks.

The circuit court affirmed the Board and this appeal followed.

Appellant does not contend that the findings of fact by the Board should be disturbed, but insists that the Board, as a matter of law, erred in allowing compensation for partial permanent disability instead of confining the award to the amount specified by KRS 342.105, which provides for specific compensation for the loss of certain members of the body in lieu of all other compensation.

As usual, there is a wide variance in the opinion of the doctors who testified as to the extent of the disabil-

ity, but the award of the referee which was adopted by the full Board reviews the evidence thoroughly and concludes that under all the facts and circumstances disclosed by the record, the injury to the fingers of appellee's left hand resulted in such impairment of the use of that hand that a finding of a disability of 20% was justified. It is admitted that the appellee did not lose these fingers by severance, that he still has the fingers, and that they are impaired.

The only ground urged for reversal is that the compensation payable for an injury to the fingers or hand is determined by KRS 342.105 instead of KRS 342.110. In other words, it is argued that the Board may not award more for a disability resulting from an injury to the fingers than for the severance of the fingers themselves.

Appellee says that the second, third, and fourth fingers of his left hand are permanently injured, that he can not close his fingers more than half way to the palm of his hand; that he can not grip or hold to anything with that hand; can not lift anything heavy, and that these fingers are stiff. He says that his hand aches, that he suffers pains about his wrist, and at times it "swells up." He further says that these fingers, and particularly the ring finger, sometimes become numb, and stay so for thirty or forty minutes, and that the ring finger is very sensitive.

After the appellee returned to work his earnings averaged as much, and perhaps slightly more, than they had prior to his injury, but this fact does not bar compensation for permanent impairment if his physical efficiency has been substantially impaired. High v. Liberty Coal & Coke Co., 207 Ky. 197, 268 S. W. 1095.

The argument pressed upon us here is not new, as the same contention has been made many times. We have repeatedly held that where there is no severance, but still an impairment resulting in disability, the award need not be confined to the amounts set out in KRS 342.105.

A study of the cases wherein this question has been considered clearly shows that we have made a clear distinction between the two classes of injuries. Where

there is an actual severance the recovery is limited to the amount specified in the specific schedule statute. Where there is an injury but no severance, and where the claimant suffers greater disability than he would have suffered if there had been a severance of the member, the Board may apply the general statute, determine the extent of the disability, and award compensation on that basis. See Black Mountain Corporation v. Adkins, 280 Ky. 617, 133 S. W. 2d 900; Atlas Coal Company v. Moore, 298 Ky. 767, 184 S. W. 2d 76; Wright v. Cane Run Petroleum Company, 262 Ky. 251, 90 S. W. 2d 36; and Hawley-McIsaacs Coal Company v. Grant, 235 Ky. 650, 32 S. W. 2d 35.

We have just recently had occasion to review the question presented. See Wood Mosaic Company v. Brown, 303 Ky. 741, 199 S. W. 2d 433, and American Bridge Company v. Reit, 303 Ky. 795, 199 S. W. 2d 447. In the last-cited case, which is similar to the case under consideration, previous cases are reviewed and it is clearly pointed out that constant pain and swelling to a member which has been injured, but not severed, creates more of a disability than an actual severance, and that the Board is justified in making an award based on a finding as to the extent of the disability to the body as a whole.

In the present case we must take into consideration the occupation of the appellee which requires him to use his hands in gripping picks, shovel handles and other tools, and it is quite apparent that an injury of this nature results in partial disability to perform the duties of his occupation. The Board has determined the extent of this disability and it is supported by ample evidence. The circuit court was correct in affirming the award of the Board and its judgment is therefore affirmed.