# Knott Coal Corporation et al. v. Kelly.

October 28, 1949.

Rehearing Denied October 31, 1950.

Walter R. Prater, Judge.

Craft and Stanfill for appellants.

C. C. Wells for appellee.

JUDGE LATIMER—Reversing.

Appellee, Foister Kelly, an employee of appellant, while in the line of duty, sustained an injury to his left foot. Application was made for compensation. The Referee found appellee's injuries to have resulted in a temporary total disability from March 6, 1947, to

July 1, 1947, and thereafter a permanent partial disability of 50% to the left foot as a whole. He awarded full statutory payment for the period of total disability and $7.50 per week thereafter, not to exceed 125 weeks for the compensable period, but further held appellant entitled to credit for those weeks it has paid or pays appellee a weekly wage equal to or in excess of the weekly wage paid appellee at the time of his injury.

Appellee appealed from the Full Board award. After a hearing, the court remanded the case to the Board with directions, the effect of which was to amend its award by deleting therefrom that part which gave appellant the credits above. In other words, the Board applied the Ditty rule. The court held the Ditty rule inapplicable. The employer company prosecutes this appeal.

There appears to be no dispute as to the disability found by the Board or the amount awarded to appellee. The sole question here is whether the court below was in error in holding that appellant was not entitled to be credited by the number of weeks appellee has worked, or will work, for appellant at an equal or greater wage than he was receiving when injured.

Appellee takes the position that the injury was a specific injury as enumerated in KRS 342.105, and apparently the Board seemed to be under the apprehension and belief that the injury was a specific one and included in those enumerated in KRS 342.105.

Appellee insists that since the finding was for a specific injury under the above statute the Ditty rule is not applicable. On the other hand, appellant takes the position that even though it was found under the above provision of the statute, still the Ditty rule applies. Both appellant and appellee cite cases which they contend are in support of their separate positions. If, as a matter of fact, the injury is one of the named injuries under KRS 342.105, appellee is correct in his contention.

The rule as set out in Atlas Coal Co. v. Moore, 298 Ky. 767, 184 S.W.2d 76, we think to be the proper rule in cases involving the named injuries in KRS 342.105, and as said there, "Once a determination has

been made the amount of compensation is automatically fixed by the statute, and neither the Board nor the courts are authorized to increase or reduce the amount." It was further stated: "In any event, we are constrained to hold that the clear-cut mandate of KRS 342.105 must be carried out; namely, the payment of the designated compensation for the specified injuries."

However, the confusion here seems to arise, if there is confusion, by mistakenly treating the injury as a specific under KRS 342.105, when clearly it falls under KRS 342.110 dealing with other partial permanent disabilities. There was no loss of the foot. The injury resulted in a high percentage of ankylosis and the Board found a 50 per cent partial permanent disability to the foot as a whole. So finding, it limited the compensation in accordance with KRS 342.110, which provides: "In no event shall compensation for an injury to a member exceed the amount allowable for the loss of such member."

Patton v. Travis et al., 298 Ky. 678, 183 S.W.2d 956, has been cited and relied upon, but it will be noted there that the evidence showed appellee's injury resulted in a 30 to 50 per cent disability to his hand as a whole, while the Board found a disability to the body as a whole. While saying that the Ditty rule was applicable, the judgment was reversed because there was no evidence that appellee sustained any disability to his body as a whole or which he would not have sustained had he lost his entire hand. The Patton case, like this, was not one of the specific losses named in KRS 342.105. Since it is not one of the specifics, the mere fact that the compensation was limited to an amount not in excess of the amount liable for the loss of such member does not at all throw it back under KRS 342.105. The Board merely found that the disability was to the foot as a whole and not such a disability to the body as a whole as would show entitlement to compensation in excess of the loss of the member. Obviously, the Ditty rule is applicable here.

Since the injury arose prior to, our consideration herein is unaffected by and entirely without reference to, the 1948 amended portion of KRS 342.110, which provides: "* * * Compensation payable under this section shall not be affected by the earnings of the

employe after the accident, whether they be the same, or greater, or less than prior to the accident.''

The judgment is reversed with directions to enter judgment consistent herewith.