## BROYLES v. WELLNER CONTRACTING CO.

Court of Appeals of Kentucky.
May 16, 1952.

J. C. Bird, Williamsburg, for appellant.

Murray L. Brown, London, for appellee.

STANLEY, Commissioner.

The appellant, Thomas G. Broyles, suffered injury to his foot by falling from a scaffold in June, 1948. An award under the Compensation Act for partial disability was paid in due course until the period terminated. Thereafter, Broyles asked a reopening of the case and an adjustment of compensation on the basis of total, permanent disability to his body as a whole. Though his amended claim was sustained by a referee, the Board denied it and concluded that the claimant's disability was confined to his foot and should be rated at 25% thereto. It found that Broyles had been paid all compensation to which he was entitled under the law. The circuit court confirmed the decision, and the appeal is from that judgment.

The question is whether the case comes within that class of claims for an injury to a particular member of the body enumerated in KRS 342.105, or in the class of claims for permanent partial disability to the workman's body as a whole "which will impair the future usefulness or occupational opportunities of the injured employe," as described in KRS 342.110. The appellant contends his case comes within such cases as Olson v. Triplett, 255 Ky. 724, 75 S.W.2d 366, and American Bridge Co. v. Reit, 303 Ky. 795, 199 S.W.2d 447. In each of those cases a workman was engaged in similar labor and suffered injury to his foot by a fall. They are distinguishable. The Board found the facts justified an award for impairment of the body as a whole to such an extent that it prevented the workman from performing the major duties of his trade. Furthermore, the cases were decided before the amendment of the statute in 1946, which added this provision to KRS 342.110: "In no event shall compensation for an injury to a member exceed the amount allowable for the loss of such member", referring to the enumeration in KRS 342.105. Acts 1946. Ch. 37, Sec. 6. Other cases cited by the appellant are likewise distinguishable. In Dept. of Mines and Minerals v. Castle, Ky., 240 S.W.2d 44, decided upon a claim arising after the 1946 amendment became effective, the Board found that a mine inspector who had suffered a severe injury to his leg was entitled to compensation for disability to the body as a whole under the terms of 342.110, and we affirmed the judgment confirming the award. There was ample evidence of substantially complete disability.

In the present case the evidence of disability of the body as a whole would have sustained the award claimed by the appellee. But there is competent evidence to sustain the denial. The claimant was made lame to some degree and suffers pain from injury to the tendons or ligaments of his foot and ankle. The Board's decision was rested upon its consideration of the facts relating to the claimant's activities and especially of

testimony of a surgeon who had attended Broyles and performed a remedial operation upon his foot. This doctor had been a carpenter, as was the claimant, before entering the medical profession. His opinion was that the claimant could follow his trade though handicapped by a disability of 20% to 25% to his foot and ankle. We cannot agree with the appellant's argument that the Board applied the wrong section of the statute to the proof, hence, that as a decision of law the court should reverse it. The evidence adduced by the claimant would have brought his case within one provision of the law. That adduced by the employer brought it within another provision and the Board, acting within its statutory discretion, accepted that evidence. The law applied covered that kind of a case.

The judgment is accordingly affirmed.