CANEY CREEK MINING CO.

v.

RAGER et al.

Court of Appeals of Kentucky.

Feb. 5, 1954.

Woodward, Bartlett & McCarroll, Owensboro, for appellant.

B. N. Gordon, Laurence T. Gordon, Madisonville, for appellee.

DUNCAN, Justice.

This appeal is from a judgment affirming the Workmen's Compensation Board in awarding appellee compensation computed upon the basis of a 75% permanent partial disability. The only questions presented relate to the extent of disability and amount and duration of the award.

On May 8, 1948, while working in appellant's mine, the appellee was injured when the roof of the mine fell on him. He suffered a comminuted fracture of the lower left thigh bone. The fracture was treated by close reduction and the application of a plaster splint, body plaster. The wound healed slowly and appellee was not released by his attending physician until June, 1949. He was paid maximum compensation for total disability from the date of the injury until July 25, 1949, and $11.79 as compensation for the period from July 26 to August 5, 1949. On September 13, 1949, the adjuster for appellant's insurance carrier made a final settlement with appellee and paid him compensation in a lump sum totaling $437.32. Some time after the settlement, appellee returned to work for the employer and is earning more than the wages received before the injury but is doing a much lighter type of work.

Upon motion of appellee, the matter was subsequently reopened before the Board, and upon submission, he was awarded total disability at the rate of $18 per week for a period of 63⅗ weeks, beginning on the date of injury, and thereafter, as agreed by the parties, at the rate of $7.50 per week for a total of 61⅗ weeks, and thereafter

compensation for permanent partial disability at the rate of $9 per week for a period not to exceed 295 weeks, the total award being limited to a maximum sum of $5,000. The employer was credited with all payments made to appellee and interest was awarded at the rate of 6% on all past-due and unpaid installments. The employer contends that the award is excessive because it exceeds the amount allowable under KRS 342.105 for the loss of a leg. Appellee insists that the injury or disability extends beyond the leg and for that reason the award is not in any way limited by KRS 342.105.

Awards for permanent partial disability under the Workmen's Compensation Act are controlled by KRS 342.105 and 342.110. The former section provides compensation for permanent partial disability resulting from certain enumerated injuries. Under the provisions of that section at the time of appellee's injury, compensation for the loss of a leg was fixed at 65% of the average weekly earnings, but not less than $5 per week nor more than $15 per week for a total of 200 weeks, or a maximum sum of $3,000. KRS 342.110 provides for the payment of compensation for permanent partial disability resulting from injuries not enumerated in KRS 342.105. The latter section was amended in 1946 by adding the following provision:

"In no event shall compensation for an injury to a member exceed the amount allowable for the loss of such member." Acts of 1946, Chapter 37.

To a somewhat less extent, an award under KRS 342.110 was limited by judicial construction in Patton v. Travis, 298 Ky. 678, 183 S.W.2d 956, decided before the amendment. There it was said that to be entitled to more compensation for injury to a member than for a complete severance of the member, the employee must show that the injury is of such nature as to more adversely affect his body, his mind, his sense of pain, his ability to labor, or his opportunity to obtain employment than would be the case had there been a complete severance. Awards for injuries to a member in excess of the amount allowable for the loss of the member were sustained or directed in Black Mountain Corporation v. Letner, 303 Ky. 807, 199 S.W. 2d 611, and American Bridge Co. v. Reit, 303 Ky. 795, 199 S.W.2d 447. These cases, decided after the 1946 amendment, dealt with injuries sustained before its enactment. The Reit opinion impliedly recognized that the amendment provided a substantially stricter limitation than was applied in the Patton case, since it was there pointed out that the injury occurred before the amendment and the award to the employee was measured without reference to its provisions.

A number of appellee's fellow employees testified that the work he was now doing was much lighter than the work he had performed before the injury and that he was able to work only about two-thirds of the time. Appellee testified that his leg, ankle, and foot ached frequently and this fact required him to lay off from work on frequent occasions. The medical testimony establishes conclusively that appellee's injury does not extend beyond the leg which was broken. It is true that the injury to the leg has permanently impaired his power to perform manual labor and because of that fact there is a disability to the body as a whole. The same would be true if there had been a severance of the leg. There may be many instances in which the injury to a member or some outgrowth of the injury extends beyond the member. In such cases, the limitation of the 1946 amendment would not apply. However, where the injury, as distinguished from the disability, is limited to the member, the Board is required by the provisions of KRS 342.110, as amended, to limit an award for permanent partial disability to an amount which is not in excess of the compensation allowable for the loss of the member under the provisions of KRS 342.105.

Appellee cites Department of Mines & Minerals v. Castle, Ky., 240 S.W.2d 44, as sustaining his position that an award for injury to a member may exceed the amount allowable for its severance. There, the Board found that an injury almost identical

to that suffered in this case had resulted in total permanent disability. KRS 342.095, providing for compensation in the case of total disability, does not contain a limiting provision similar to the 1946 amendment to KRS 342.110, which deals alone with permanent partial disability. Hardy Burlingham Min. Co. v. Sawyer, Ky., 254 S.W.2d 350, not cited in briefs, also dealt with an injury which the Board found to have resulted in total permanent disability.

The award here is for a period of 420 weeks, or a total of $4,258.50. The provisions of KRS 342.105 in effect at the time of the injury limited the award for the loss of a leg to $3,000. As we construe the effect of the 1946 amendment, the Board was without authority to make an award for permanent partial disability, the total amount of which exceeded that sum.

Appellant insists that the amount of weekly payments should also be computed with reference to the provisions of KRS 342.105. He insists that since the attending physician estimated appellee's injury as 50% impairment of the leg the amount of the weekly payments must be computed by taking 50% of the maximum weekly payments provided by KRS 342.105. By this method of computation, the weekly payments would be limited to $7.50 per week for the compensable period of permanent partial disability. We do not agree with appellant's construction of the statutes involved. KRS 342.110 is not limited or restricted by the provisions of KRS 342.105, except to the extent that an award on account of injury to a member under the former section may not exceed the compensation for loss of the member under the latter section. As an expeditious manner of computing weekly payments for permanent partial disability, the Board has, on some occasions, used the method suggested by appellant, and we approved such an award in Knott Coal Corporation v. Kelly, 313 Ky. 562, 232 S.W.2d 994. This was by no means the equivalent of holding that the amount of the weekly award should in all cases be computed in that manner. Without being limited as to amount of the weekly payments by the provisions of KRS 342.105, the Board should determine the percentage of disability to the body as a whole but limit the amount of compensation to a sum of not more than $3,000.

The judgment is reversed, and the lower court is directed to re-refer this case to the Board for an award consistent with this opinion.