**OLD KING MINING COMPANY, Appellant,**

**v.**

**Alfred PANKEY et al., Appellee.**

Court of Appeals of Kentucky.

March 23, 1956.

J. W. Craft, Jr., Hazard, for appellant.

Don A. Ward, Hazard, for appellees.

STANLEY, Commissioner.

A referee of the Workmen's Compensation Board found that Alfred Pankey had sustained a compensable injury to the cartilage of his knee while working as an employee of the Old King Mining Company. The referee also found that the applicant was "totally disabled from December 22, 1953, until March 21, 1954, and since March 22, 1954, the date he returned to work, he has had a 15% permanent, partial disability to the right leg." The referee awarded Pankey $27 a week for 12% weeks for total disability and $3.60 a week for partial disability during the period thereof but in no event to exceed 437½ weeks nor a maximum of $5,340. The Board confirmed the finding of the referee except as to the basis and amount of the award. It regarded the 15% disability to the employee's leg as being 7% disability to the body as a whole.

The opinion of the Board describes its method of computation as follows:

"Compensation for permanent partial disability to a member must be

made under KRS 342.110, but KRS 342.105 may be used as a guide. Reducing 15% disability to a leg to the body as a whole, we have a disability of 7%. This is arrived at by taking 15% of $24.00 and then multiplying that by 200 weeks which is the period of time that compensation runs for loss of a leg. Then take 20 weeks from 450 weeks and divide 430 weeks into the total compensation for 200 weeks. The result is $1.68 a week. Dividing $24.00 into $1.68 we arrive at the percentage of 7% to the body as a whole."

■ The same result is reached by simply taking 7% of the maximum allowable of $24 a week under KRS 342.110. It was, of course, proper for the Board to increase the weekly allowance and decrease the period under the terms of KRS 342.110 as the award was less than $5 a week.

The circuit court confirmed the award of the Board. The employer has appealed and the employee has cross-appealed.

■ In the hearing before the Board and its referee, the company contended that the employee's condition resulted from a previous injury suffered in 1950 and that he had not in fact been injured at the time he claimed, namely, on December 21, 1953. On this appeal the company recognizes the familiar rule by which the finding of fact by the Compensation Board is measured but maintains that there is no evidence of probative value to sustain the finding. About the only ground for this contention is that the records and proof of the company positively show that the mine was not being operated on the 21st of December, 1953, the day Pankey positively claimed he was hurt, and that the company was not aware of any injury for sometime thereafter. Pankey testified he had gone to one doctor the next day after he was injured and to another (who, we understand, was the company's doctor) on the second day thereafter. This doctor testified he saw the employee on the 28th of December. Pankey was sustained as to the day he was hurt by the testimony of two other witnesses. The company's records support its claim that the mine was not working on that day. We may accept the argument as to the greater probative value of the records over the memory of witnesses. Records made in due course of business are undoubtedly the better evidence. But it seems to us that the exact day is immaterial. The difference in the evidence on the point may have affected the credibility of the claimant as a witness, but it certainly does not change the fact that there was abundant evidence that on or about the day claimed he suffered compensable injury. The Board regarded this difference as resulting from an error in memory. We find no merit in the company's appeal from the judgment.

On the cross-appeal Pankey insists that the finding and computation of the referee is correct and that of the Board is wrong.

■ There is no question here as to the finding of the character of the employee's disability. The question is whether the Board used the proper method or measure of computation for partial permanent disability. Caney Creek Mining Co. v. Rager, Ky., 264 S.W.2d 677, dealt with a case where a miner had suffered a broken leg. In addition to the question of the award for injury to the body as a whole under KRS 342.110 exceeding the payments allowable for the loss of a leg under KRS 342.105, the court considered the question of the method or measure of computation. We denied the employer's construction of the statutes as requiring the application of the terms of KRS 342.105, which provide for compensation based upon percentage of disability for enumerated permanent partial disabilities, one of which is the loss or severance of a leg, and held that ordinarily the compensation for injury to an enumerated member of the body should be that provided for in KRS 342.110, limited by the provision that the award may not exceed the compensation for loss of the member under KRS 342.105. See also Crummies Creek Coal Co. v. Boyd, 311 Ky. 307, 223 S.W.2d 990;

Knott Coal Corp. v. Kelly; 313 Ky. 562, 232 S.W.2d 994; Pridemore v. Pridemore, Ky., 249 S.W.2d 774.

█ It appears that in the roundabout and rather complicated method of arriving at a 7% disability of the applicant, the Board used, in a large measure, the provision of KRS 342.105 covering the loss of a leg. We think the Board should have found the degree of disability without having been so greatly influenced by the terms of KRS 342.105 and should have ascertained the disability to the body as a whole under the terms of KRS 342.110.

The present award and judgment not being in accord with the construction of the statutes laid down in the Rager case, the judgment must be reversed on the cross-appeal with directions to the circuit court to refer the case to the Board for an award consistent with the opinion in the Rager case.

The judgment is affirmed on the direct appeal and is reversed on the cross-appeal.