**STUMBO & VANCE COAL COMPANY,**
Appellant,

v.

**Marion TACKETT et al., etc., Appellees.**

Court of Appeals of Kentucky.

March 22, 1957.

Baird & Hays, Pikeville, for appellant.

Tackett & Tackett, Prestonsburg, for appellees.

MOREMEN, Judge.

Appellee Marion Tackett, a coal miner, was injured by a slate fall when he was working for appellant, Stumbo & Vance Coal Company. Appellee sustained an injury to his right leg and suffered temporary total disability for a period of 67 weeks for which he received compensation at the rate of $27 per week, or a total amount of $1,-809. In addition, medical benefits in the amount of $1,994 were granted. A final agreement was executed by which appellee received an additional sum of $1,218.63, making a total payment on account of the injury, excluding medical benefits, in the sum of $3,027.63. This agreement, for some reason, was neither filed nor approved by the board. Thereafter appellee filed an application by which he sought additional compensation.

The claim was assigned for hearing and the principal witness, Dr. Heckman, testified that appellee had an eighty to ninety per cent disability to the right leg. He estimated that this was equivalent to a fifty per cent disability to the body as a whole.

The board accepted the referee's finding and made the following award:

"It is, therefore, ordered and adjudged that plaintiff be, and he is hereby awarded the sum of $27.00 per week for 67 weeks beginning Dec. 15, 1952, and ending March 29, 1954, for temporary total disability on account of the injury which he sustained on Dec. 15, 1952; that he be and is hereby awarded the further sum of $12.00 per week for the period beginning March 30, 1954, and continuing during his disability, not exceeding 450 weeks less the period

of temporary total above set out, and for not a greater sum than $9500.00 said amounts to be credited with the amount heretofore paid, and that he be allowed interest on any past due installments."

On appeal to the circuit court, the action of the board was affirmed.

Appellant contends that appellee will receive under the award more than he would receive for a severance of the entire leg and calls particular attention to the language added to KRS 342.110 by an amendment of 1946, which reads:

"In no event shall compensation for an injury to a member exceed the amount allowable for the loss of such member."

We have had this question before us several times. See Caney Creek Mining Company v. Rager, Ky., 264 S.W.2d 677; Broyles v. Wellner Contracting Company, Ky., 249 S.W.2d 41; Pridemore v. Pridemore, Ky., 249 S.W.2d 774.

The latest expression of this court on the subject may be found in C. & C. Coal Company v. Sheckels, 299 S.W.2d 615, wherein it was said:

"In Old King Mining Co. v. Pankey, Ky., 288 S.W.2d 667, and in Caney Creek Mining Co. v. Rager, Ky., 264 S.W.2d 677, we expressed disapproval of the use of KRS 342.105 as a measure or standard in cases where there is a disability of a member of the body, as distinguished from a loss of the member. In both of those cases we directed that the board make a finding of the percentage of disability to the body as a whole, without resort to mathematical computations based on KRS 342.105.

"It is our opinion that the instant case should be remanded to the board with directions to make a finding of the percentage of disability to the body as a whole, under KRS 342.110,

without resort to mathematical computations based on KRS 342.105."

The Caney Creek Mining Company case, the Broyles case, and the Pridemore case contain discussions of the question before us. Part of the discussions are also concerned with situations where the injury itself extended beyond the member and into the body. In such a case the injury is more than one to a member. It affects not only the member, but another part of the body as well. The distinction between the injury extending beyond the member and the disability extending beyond the member is pointed out in the Caney Creek Mining Company case. The question of whether the injury extends beyond the affected member is not presented here. The board, upon proper evidence, properly determined the extent of the disability to the body as a whole.

In C. & C. Coal Company case, from which we have quoted, it was definitely established that when there is no severance and when no physical injury extends beyond the member itself, the disability, as distinguished from the injury, must be computed to the body as a whole under KRS 342.110 without regard to mathematical computations based on KRS 342.105. This does not mean that mathematical calculations are not proper in determining the amount of the maximum payment or ceiling under KRS 342.105. We indicated it might be necessary to do that in Caney Creek Mining Company v. Rager, saying [264 S.W.2d 679]:

"We do not agree with appellant's construction of the statutes involved. KRS 342.110 is not limited or restricted by the provisions of KRS 342.105, except to the extent that an award on account of injury to a member under the former section may not exceed the compensation for loss of the member under the latter section."

Therefore, to reach a proper decision we must decide the sum which may properly be paid under KRS 342.110 and learn whether that sum exceeds the limitation under KRS 342.105. (In this computation we will ignore the allowance of $2,500 which the board awarded for medical expenses, because it was proper under both statutes. It should be remembered, however, that this amount is in addition to the ultimate award which will be reached in this case.)

Under KRS 342.110, and using the board's finding of 50% disability, he would be entitled to:

65% of his average weekly wages, not exceeding $24, multiplied by the percentage of his disability (50%) but not to exceed 450 weeks nor $9500. ($24 × 50% × 450) ..... $5400.00

Under KRS 342.105, he would be entitled to these payments had his leg been severed:

1. Temporary total disability, not exceeding 20 weeks ($27 × 20) ..... $ 540.00
2. Weekly compensation equal to 65% of average weekly wages, not exceeding $24, for maximum of 200 weeks. ($24 × 200) ..... $4800.00 ..... $5340.00

Difference $ 60.00

It is remarked that the maximum under KRS 342.105 *under the facts of this case*, is only $60 lower than the allowance under KRS 342.110. The board, however, reached a different result. When we project the items of the award (which we have quoted above) we find that appellee was given:

1. $27 per week beginning December 15, 1952, and ending March 29, 1954, as temporary total disability ..... $1809.00
2. $12 per week beginning March 30, 1954, and continuing during his disability, not to exceed 450 weeks, less the 67 weeks (450 − 67 = 383 × 12) set out under item 1, but not to exceed $9500 ..... $4596.00 ..... $6405.00

Thus it may be seen that the board's award exceeded both KRS 342.105 and KRS 342.110.

We must return to the actual payments which have been made to appellee and attempt to compute an accurate amount which should be paid under the various statutes. We have reached the following conclusions:

| | | |
|---|---|---|
| As shown, the maximum compensation benefits under KRS 342.105 are: | $5340.00 | |
| Appellee has been paid: | | |
| 67 weeks @ $27 per week | $1809.00 | |
| Lump sum | 1218.63 | 3027.63 |
| Difference between amount paid and maximum under KRS 342.105 | | $2312.37 |

 Under the award of 50% permanent partial disability to the body as a whole, appellee is therefore entitled to receive an additional sum of $2,312.37.

| | | |
|---|---|---|
| We note that under the board's award, he is entitled to receive: | $6405.00 | |
| He has been paid | 3027.63 | |
| Difference | | $3377.37 |
| Under this opinion he is entitled to receive | 2312.37 | |
| Difference | | $1065.00 |

We might have arrived at the same conclusion by computations as follows:

| | | |
|---|---|---|
| Under KRS 342.110, he was awarded permanent partial disability in the amount of | $4596.00 | |
| Under KRS 342.095, he was awarded temporary total disability compensation in the amount of | 1809.00 | |
| Total | | $6405.00 |
| Under KRS 342.105, the maximum allowed for permanent partial disability compensation is | $4800.00 | |
| Also, a maximum allowed for temporary total disability compensation is | 540.00 | |
| Total | | $5340.00 |
| Excess | | $1065.00 |

Therefore, the award by the board exceeds the maximum by the sum of $1,065. Since the award is excessive in that amount, the judgment is reversed and the case is remanded to the circuit court for entry of judgment not inconsistent with this opinion.

Judgment reversed.