**ROUND MOUNTAIN COAL COMPANY,**
**Appellant,**

**v.**

**Starling TACKETT and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1968.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellant.

J. Leonard Davis, Harlan, for appellees.

STEINFELD, Judge.

This is an appeal from a judgment of the Bell Circuit Court reversing a decision of the Workmen's Compensation Board which denied allowance of a claim for permanent partial disability compensation to an

injured coal miner. It held "Occupational disability has not been established."

On December 23, 1965, the appellee, Starling Tackett, injured his right hand and three fingers thereon while working for appellant, Round Mountain Coal Company. The Board awarded him compensation for the 4⅔ weeks during which he was temporarily totally disabled. KRS 342.100. Upon appeal to the circuit court, the decision of the Board was reversed and remanded for a determination of the extent of Tackett's permanent partial disability and allowance therefor.

Appellant coal company sets forth two arguments for reversal of the judgment and reinstatement of the Board's decision: "(A) The Court may not upset a decision of the board based upon competent evidence. (B) The evidence herein, when all considered, supports the board's denial of permanent disability."

■ Appellant, contending that the court erred, cites many cases holding that courts may not disturb a decision of the Board based upon competent evidence. With this rule we agree. Grigsby v. Fraley, Ky., 322 S.W.2d 108 (1959) and Grissom et al. v. Walters, Ky., 419 S.W.2d 149 (1967).

Appellee, Tackett however, asserts that there was no competent evidence upon which the Board could *fail* to find the presence of a permanent disability since the evidence as to such disability was uncontradicted. The guiding statute in this matter is as follows:

KRS 342.110. "(1) In all other cases (non-schedule) of permanent partial disability, including any disfigurement which will impair the future usefulness or occupational opportunities of the injured employe, or employe disabled by an occupational disease, compensation shall be determined according to the percentage of disability, taking into account, among other things, any previous disability, the nature of the physical injury or disfigurement, the occupation of the

injured employe and age at the time of injury or at the time the disability from an occupational disease began."

Appellee claimant testified that the impairment to his fingers, three of which are permanently stiff, prevented him from being able to operate a "coal loader"—one of his two principal skills in the mines. The proof showed that he was unable to close his hand, therefore, he could not grip objects. Nevertheless he admitted that he was still able to operate an "auger".

Dr. James D. Crutchfield testified in part:

"Q. What percent of disability, based to the body as a whole, do you say this man has to do his normal work, which is running an auger machine and also a mine machine, and in that work he must use both hands?

"A. In work involving both hands, as you just described and in the job the patient described to me previously, I would estimate his impairment to the body as a whole to be roughly, 20% to 25%.

"Q. Do you think, Doctor, as long as this hand has been injured, his disability is permanent, considering his age?

"A. Yes, sir, I do not expect further improvement in the hand."

Dr. Burgin H. Wood also termed the injuries "permanent" and agreed with Dr. Crutchfield's estimate of the appellee's disability.

■ We find no contradiction in the record as to existence of permanent injury to the hand and the resulting disability of the appellee to function in his occupation with the versatility which he enjoyed prior to the accident. The evidence is crystal clear that he no longer can do the same work as before the injury. Accordingly, where there is no contradiction of competent evidence as to permanent injury and

resulting occupational disability, and the Board has no basis for saying the claimant is able to work as before, an award is required. The circuit court must be affirmed. Black Mountain Corp v. Letner, 303 Ky. 807, 199 S.W.2d 611 (1947) and Parrott v. S. A. Healy Co., Ky., 290 S.W.2d 798 (1956).

 Appellant further argues that appellee's continued employment at a wage equal to that before the injury justifies denial by the Board of any permanent compensation. Our attention is drawn to a number of cases including Kilgore v. Goose Creek Coal Co., Ky., 392 S.W.2d 78 (1965), in which we said:

"Whatever may be the degree of physical impairment established by the medical testimony, the board must make its own estimate, from the evidence as a whole of whether and to what degree that impairment actually disables the claimant from performing the duties of his occupation."

The error of the Board was in its finding that the claimant suffered no occupational disability when the uncontradicted evidence showed he could not operate a loader or load coal. There was no basis for disregarding that proof. Leep v. Kentucky State Police, Ky., 366 S.W.2d 729 (1963).

As to the aspect of equal compensation earned after the injury, the statute under which Tackett is claiming is clear in its language set forth in part:

KRS 342.110. "(3) * * * Compensation payable *under this section* shall not be affected by the earnings of the employe after the accident, or after his disability from an occupational disease, whether they be the same, or greater, or less than prior to the accident or disability from an occupational disease." (Underling ours)

Black Mountain Corp. v. Letner, infra, and E. & L. Transport Company v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102 (1960).

There are no similar provisions in the sections pertaining to scheduled injuries or total disability.

Appellant cites the recent case of Allen v. Com., Dept. of Highways, Ky., 425 S.W.2d 283 (1968), as authority for the proposition that permanent compensation to an injured employe who continues in his occupation at an equal wage goes against the spirit and purpose of workmen's compensation, which is to offset earnings loss. Allen's claim was based on *occupational disease* for *total* permanent disability. There is a factual and statutory distinction. Allen claimed under KRS 342.095. That statute does not contain a provision similar to that in KRS 342.110(3), which pertains to partial permanent disability, the subject of this proceeding.

For the reasons above stated we affirm the circuit court finding of some permanent disability and the remanding to the Board for a determination of the extent of that disability and allowance therefor.

The judgment is affirmed.

All concur, except OSBORNE, J., who was not sitting.