## Consolidation Coal Co. et al. v. Ditty.

March 18, 1941.

Wheeler & Wheeler for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Cecil Ditty received an injury to his back while working for the Consolidation Coal Company in October, 1937. He had been employed by the Company for four or five years as a coal loader. His average week-

ly earnings before his injury were approximately $38. Ditty was paid compensation for several months and re-. turned to work cleaning track. He worked at that job for a few months. Later he was given a job as pumper, and, on the basis of a five-day week, he made $30.60 a week on that job. The Company and Ditty attempted to settle his claim for compensation. Later he filed his claim with the Workmen's Compensation Board, one of the appellants herein. The Referee awarded compensation at the rate of $15 a week from October 1, 1937, for a period of 400 weeks, subject to a credit of some $300 which had been paid to him. The case was taken before the full Board. The Board adopted the Referee's finding of fact that Ditty "is totally and permanently disabled to again load coal or do other hard manual labor." The Board ruled, however, that Ditty should be awarded the maximum compensation of $15 a week for 400 weeks, subject to a credit for the number of weeks in which the Company has paid or may pay him a weekly wage of $15 or more. Ditty appealed from this ruling to the Johnson circuit court. The ruling of that court was that the cause be remanded to the Board with directions for it to modify its ruling to make it conform to the award of the Referee. The Coal Company and the Board are appealing from that ruling.

The Company advances the contention that, since the Board did not find that Ditty was totally and permanently disabled to do work, but only totally and permanently disabled to again load coal, or do other hard manual labor, he is not entitled to maximum compensation. In this connection it is urged that the Board erred in Ditty's favor and therefore he is in no position to appeal. We doubt the soundness of this contention, but, being of the opinion that the determination of that question is not necessary for a proper determination of this case, we pass it without further comment. The principal question involved is, whether or not the Board has authority to make an award for maximum compensation and then to direct credits on that award under certain conditions.

The case presents rather unusual circumstances, and the conclusion reached by the Board impresses us as being a fair and equitable one. There is no dispute about Ditty's injury, and there is ample evidence that he is disabled from doing hard manual labor. On the other

hand, he has worked since his injury; first cleaning track for several months and since then as a pumper. He has performed these latter services satisfactorily and is making approximately $31 a week in that capacity. Ditty testified that, while he was hardly able to do the pumping job, he had been doing it "pretty slo⁻ r, but all right" for about four months. He seems to be willing to work at the job.

We have frequently pointed out that total disability does not mean absolute helplessness or entire physical disability, but rather the loss of one's earning power as a workman, whether manifested by inability to perform work obtainable, or inability to secure work. Leckie Collieries Company v. Branham, 276 Ky. 748, 122 S. W. (2d) 776, and cases cited therein. But we are and have always been reluctant to disturb the Board's finding on such a question, where there is evidence of probative value to support it. We have said that, where there is evidence tending to show that a worker's future usefulness and occupational opportunities were impaired, the question of compensation is for the Board. High v. Liberty Coal & Coke Company, 207 Ky. 197, 268 S. W. 1095.

It was pointed out also in the Branham case that the final determination of whether an injured employee is able to do work procured for him by his employer rests with the Board. Section 4900, Kentucky Statutes. While it does not appear that there was any dispute between the Company and Ditty as to the employment furnished him, we can not escape the conclusion that the Board took into consideration Section 4900 in the final determination of the case before us. The Board's finding, as we interpret it, was not that Ditty was incapacitated from doing any work, but rather from loading coal and doing hard manual labor. When that finding was made the Board had before it evidence of Ditty's injury; his treatment; the payment of compensation to him for a time; the fact that employment had been furnished him; and that he had been working satisfactorily as a pumper for about four months and was receiving approximately 80 per cent of his wage as a coal loader. In effect, the Board found that Ditty was able to do the work of pumper. It went further and directed that the Company furnish to Ditty suitable employment or pay him the maximum compensation at the rate of $15 a week. The

question is, Does the evidence in the record support this finding? We think that it does, for, as pointed out in the High case, once it is established that there is evidence to support the Board's finding, the question of awarding compensation addresses itself to the Board and not the courts; though, as we have indicated, we think the Board arrived at a fair and equitable solution of Ditty's case.

Wherefore, the judgment is reversed with directions to set it aside and to enter a judgment approving the award of the Board. Whole Court sitting.