## Black Mountain Corporation v. Gilbert et al.

Feb. 1, 1944.

James Sampson for appellant.

Doyle & Doyle for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Jim Gilbert received an injury while working for the Black Mountain Corporation. He was paid maximum compensation for a limited period. In February, 1942, he filed an application before the Workmen's Compensation Board for an adjustment of his claim. The Referee found Gilbert to be permanently impaired to the extent of 75 per cent, and that he had suffered temporary total disability from the time of his injury to January, 1942, and allowed him compensation accordingly. In due time Gilbert filed a motion for a full Board review. On November 30, 1942, the full Board made the following award:

"The plaintiff, Jim Gilbert, having been found by the Full Board to be suffering total disability to perform manual labor as a result of the injury complained of, or to compete in the labor markets for employment

as a manual laborer, he will recover from defendant, Black Mountain Corporation, compensation at the rate of $15.00 per week during the period of his total disability, not in excess of eight years, with 6% interest on past due installments.

"Defendant may take credit for any sum already paid plaintiff as compensation for the injury complained of, and defendant will be relieved of payment of compensation to plaintiff for any number of weeks during the compensable period that it may furnish plaintiff employment suited to his physical condition, at a wage equal to or in excess of $20.00 per week." On December 10th, Gilbert filed a motion asking the Board to correct "the apparent clerical error" in awarding him compensation for total disability for a period of eight years rather than ten years as authorized by KRS 342.095. On December 15th, the Board entered the following order: "This matter coming before the Board on motion of Member Fields, it is ordered by the Board that the Full Board award of November 30, 1942, which awarded plaintiff 'Compensation at the rate of $15.00 per week during the period of his total disability, not in excess of eight years,' be and the same hereby is corrected to read 'compensation at the rate of $15.00 per week during the period of his total disability, not in excess of ten years.'" On December 17th, the Corporation filed an appeal in the Harlan Circuit Court from the full Board order of November 30th. This appeal is from a judgment upholding the award of the Board as modified by its order of December 15th.

Reversal is urged upon the grounds that (1) the Board was without authority to enter the order of December 15th extending the compensable period from eight to ten years because its order of November 30th was a final disposition of the case; and (2) the award should have relieved the Corporation of payment of compensation for such time as it furnished Gilbert employment at a wage of $15.00 per week rather than $20.00 per week.

The Corporation insists the case of Washington v. Clover Fork Coal Co., 269 Ky. 604, 108 S. W. (2d) 502, is conclusive on the question of whether the Board had the right to make the order of December 15th. There it was held that a rule of the Board authorizing a second full Board review was invalid because it was inconsistent

with certain provisions of the Workmen's Compensation Act. We are of the opinion that the entry of the order of December 15th did not constitute a second review of Gilbert's case. An apparent clerical mistake had been made and the Board did no more than the order of December 15th showed, namely, substitute the words "ten years" for "eight years." When the Board found Gilbert to be totally disabled to perform manual labor, it was its duty under KRS 342.095 to fix his compensation not to exceed $15 nor less than $5 per week during the period of total disability, but no longer than ten years.

An examination of the cases of Consolidation Coal Co. v. Ditty, 286 Ky. 395, 150 S. W. (2d) 672; Lawson v. Wisconsin Coal Corporation, 290 Ky. 375, 161 S. W. (2d) 600; and Black Mountain Corporation v. McGill, 292 Ky. 512, 166 S. W. (2d) 815, will show we have approved the right of the Board to make awards in certain instances, subject to the relief from payment of compensation by the employer upon the furnishing of suitable employment to the injured worker. In the Ditty case the employer was relieved of the payment of compensation for such time as Ditty was furnished employment at a wage of $15 per week or more. In the Lawson case the wage was to equal or to be in excess of that which Lawson was receiving at the time of his injury. Since Lawson was awarded compensation at the rate of $15 per week, his wage had been in excess of that amount. In the McGill case the wage was to equal or to be in excess of $20 per week. The action of the Board was upheld in each of those cases.

This is the first time question has been raised by an employer as to the amount of the credit allowed by the Board. We recognized when we adopted the rule in the Ditty case we were approving the exercise of a wider discretion of the Board in awarding compensation, which question, as we have always said, addresses itself to the Board and not the courts. We felt the rule would work in furtherance of justice for both the employers and the employees and would be subject to little, if any, abuse, because of the Board's right to determine finally the suitability of employment furnished an injured employee. KRS 342.115. Apparently, the rule is working satisfactorily, though it was attacked in the Lawson case and its applicability to the circumstances involved questioned in the McGill case. We fail to see

why a credit should be limited to $15 per week in those cases where the Ditty rule is applied. It seems to us there would be more inducement for an injured employee to perform suitable work if he were receiving a wage in excess of $15 per week, even though a credit be involved. Of course there will likely be instances where a worker will be satisfied to draw his compensation and do nothing, but we doubt if this will apply, except in rare instances in the case of a skilled worker, who, through some unfortunate injury, has been forced from his vocation, but who is still able to perform certain types of work. So long as the Ditty rule is in effect, we believe the Board should in its sound discretion, be permitted to determine the amount of credit allowed the employer.

It follows that we are of the opinion the judgment should be and it is affirmed.

Whole Court sitting.