## Hall v. Black Star Coal Co. et al.

Feb. 1, 1944.

Golden & Lay for appellant.

Hiram H. Owens for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This appeal is from a judgment upholding the following award of the Workmen's Compensation Board:

"Dr. Foley, an expert witness of recognized ability testifies that plaintiff is totally and permanently disabled. Four lay witnesses testify that plaintiff was a strong, vigorous and industrious young man prior to the

injury, that he is dull, stupid and incapacitated since the injury, and that since his injury plaintiff falls and is unable to move for considerable periods of time without help; which testimony in connection with Dr. Foley's testimony causes the Board to conclude that Dr. Foley's diagnosis of plaintiff's condition is correct.

"It is possible that plaintiff may improve and become able to engage in light work suited to his physical condition, in which event he should be willing to work and the defendant should be anxious to give him an opportunity to do so. Therefore, in view of such a possibility we feel that the Ditty rule should apply in this case, which is, that the defendant shall be relieved of the payment of compensation to plaintiff for any number of weeks during the compensable period that it shall furnish plaintiff employment suited to his physical condition, at a wage equal to or in excess of the maximum compensation; and with the foregoing provision added as a modification of the award, same is approved and adopted as the award of the full Board."

The case of Black Mountain Corporation v. Gilbert, 296 Ky. 514, 177 S. W. (2d) 894, sets forth the cases in which this Court has approved the application of the rule in the Ditty case, Consolidation Coal Co. v. Ditty, 286 Ky. 395, 150 S. W. (2d) 672, and our reasons for approving it. In that case the employer and not the employee was complaining of the Board's award. The case at bar is the first instance in which the Board has attempted to apply the Ditty rule where it has found a worker to be totally and permanently disabled, and therefore unable to work. In all other instances the finding was that the worker was totally and permanently disabled from doing some particular type of work. Here there is no such qualification. Under the circumstances we believe the Board erred in applying the rule.

Counsel for the appellant vigorously attack the ruling in the Ditty case and its applicability in any case where full compensation has been awarded; but we deem it unnecessary to enter upon a discussion of that question, because, as we have indicated, the Board sought to apply the rule herein; notwithstanding the fact it found Hall to be "totally and permanently disabled."

As pointed out in the case of Columbus Mining Co.

v. Sanders, 289 Ky. 438, 159 S. W. (2d) 14, we recognized the Ditty case as a close one, involving rather unusual circumstances, and we said therein that we were not disposed to extend its application. Sanders was allowed compensation for total disability for a limited time, and thereafter was awarded compensation on the basis of permanent, partial disability of 35 per cent. Fellow employees selected him as their check weighman. We refused the application of the Ditty rule, because the employment was not furnished by the employer. Likewise, as heretofore indicated, we are not disposed to approve the application of the rule laid down in the Ditty case in an instance where the Board has found an injured employee to be totally and permanently disabled.

Judgment reversed, with direction to set it aside, and for the case to be remanded to the Board for the entry of an award consistent with this opinion.

Whole Court sitting.