# Atlas Coal Co. v. Moore.

Dec. 5, 1944.

Robert J. Watson for appellant.

W. L. Hammond and A. G. Patterson for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK —Affirming.

James Moore, who operated a motor for the Atlas Coal Company, was injured on December 10, 1942. He suffered the loss of his left thumb and index finger, and a 50 per cent permanent impairment of his second finger due to ankylosis. He was totally disabled until January 4, 1943, at which time he returned to his former job of operating a motor. Since that date he has worked regularly and has been paid the same wage he received before the accident. The Company admits that Moore's injuries entitle him to compensation at the rate of $12 per week for 105 weeks and $6 a week for 30 weeks under KRS 342.105, but it contends that, since Moore is now performing his old job and receiving the same rate of pay, it should be allowed "to take credit on the award made for each week that it gives to this man employment which is suitable, and which he can perform and at which employment he earns as much as he did before he was hurt." On the other hand, Moore insists that he is entitled to be compensated under KRS 342.105, regardless of the fact he is now performing his old job at the same rate of pay.

Reference to the recent cases of Black Mountain Corporation v. Gilbert, 296 Ky. 514, 177 S. W. 2d 894, and Hall v. Black Star Coal Co., 296 Ky. 518, 177 S. W. 2d 900, will throw some light on this Court's interpreta-

tion of the rule approved in the cases of Lawson v. Wisconsin Coal Corporation, 290 Ky. 375, 161 S. W. 2d 600, and Consolidation Coal Company v. Ditty, 286 Ky. 395, 150 S. W. 2d 672, which are relied upon by the Company. Briefly stated, these rulings have authorized the Workmen's Compensation Board to make awards in certain instances subject to relief from compensation by the employer upon furnishing the injured worker with suitable employment. In the Hall case we refused to approve the application of the rule in an instance where the employee was found to be totally and permanently disabled. In the instances where the application of the rule has been approved the injured employee was found to be totally and permanently disabled to perform some specific type of work, except in the Lawson case, where the injured employee was found to have a permanent partial disability to his back. In each instance the type of injury involved was one for which the Compensation Board was authorized to determine the amount of compensation. KRS 342.110.

KRS 342.105 expressly directs payment of compensation for certain specified injuries in lieu of all other compensation, except as provided in KRS 342.020 and KRS 342.030. Moore's injuries come within the provisions of this section. In cases involving the named injuries the questions to be determined by the Board are their existence and extent. Once a determination has been made the amount of compensation is automatically fixed by the statute, and neither the Board nor the courts are authorized to increase or reduce the amount. The section in question deals with injuries which leave an employee permanently maimed. Certainly his occupational opportunities would likely be lessened, if not permanently impaired. True it is Moore is performing his old job, but it is not to be presumed that this job will always be available to him. If and when he seeks other employment he may be called upon to perform duties requiring the use of the lost members of his left hand. In any event, we are constrained to hold that the clear-cut mandate of KRS 342.105 must be carried out; namely, the payment of the designated compensation for the specified injuries. It follows, therefore, that the Board properly awarded compensation to Moore.

Judgment affirmed.