## Travelers Ins. Co. et al. v. Edwards.

Dec. 11, 1945.

Stoll, Muir, Townsend, Park & Mohney for appellants.

Wallis Downing for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Alex Edwards, an employee of Gentry-Thompson Stockyards Company, received an injury on July 22, 1942, in an accident which arose out of and in the course of his employment. Edwards and his employer entered into an agreement for compensation for temporary total disability at the rate of $15 a week, which was paid

until January 14, 1943, and thereafter the employer paid compensation at the rate of $12 a week on account of permanent partial disability until June 3, 1943, when a controversy arose concerning the extent of Edwards' disability. An application for adjustment of claim was filed with the Workmen's Compensation Board, and on November 16, 1943, a referee found that Edwards was "totally and permanently disabled for the performance of the kind of work he did before the accident. We find, as a matter of fact, that plaintiff is able to do some light work that he is now performing for the defendant." The Workmen's Compensation Board approved the finding of the referee, and made an award of the maximum amount allowed by law for total permanent disability, subject to a credit for the number of weeks in which the applicant was given employment by the company at at the rate of $20 a week or more. The award was made in accordance with the rule announced in Consolidation Coal Co. v. Ditty, 286 Ky. 395, 150 S. W. 2d 672. No appeal from the award which was made on November 18, 1943, was prosecuted, and no payments were made under the award by the employer. On May 19, 1944, Edwards brought this action in the Fayette circuit court against the employer and its insurance carrier to enforce the award. The action was brought pursuant to the provisions of KRS 342.305, and the plaintiff sought to recover $3 a week from January 14, 1943, to June 3, 1943, and $15 a week thereafter. The defendants filed an answer and setoff in which they alleged that the plaintiff, Alex Edwards, had been employed continuously by Gentry-Thompson Stockyards Company since June 22, 1942, at a salary of $75 a month. The answer contained this:

"The defendants state that the award of the Workmen's Compensation Board filed as an exhibit with plaintiff's petition should be construed to mean that during all weeks in which the plaintiff was employed by the defendant at a sum less than $20.00 a week, the defendants should be only required to pay to the plaintiff a sufficient sum to make up the difference between what the plaintiff actually received and the sum of $20.00. These defendants state that from the period of time from June 2, 1943, until the time of the filing of this suit the plaintiff was employed by the defendant, Gentry-Thompson Stockyards Company at the rate of

$17.50 a week, and that the plaintiff is only entitled to the difference between $17.50 and $20.00, or the sum of $2.50 for each week.''

The defendants alleged that from July 22, 1942, to January 14, 1943, they paid to the plaintiff $346.25 more than he was entitled to receive at the rate of $20 a week, and from January 15, 1943, to June 2, 1943, $217.50 more than he would have received at the rate of $20 a week, and they asked that these alleged over-payments be set off against the claim of the plaintiff for recovery at the rate of $2.50 a week for the period of time after June 2, 1943. The circuit court adjudged that under the award of the Compensation Board the plaintiff was entitled to compensation at the rate of $3 a week from January 14, 1943, until June 3, 1943, and at the rate of $15 a week from June 3, 1943, and that the defendants were not entitled to any setoff.

The only question presented by this appeal is the proper construction of the award made by the Work-men's Compensation Board. The propriety of that award is not and cannot now be attacked, since no review of the award was sought within the time prescribed by the act. As said in Harlan-Wallins Coal Corporation v. Hensley, 237 Ky. 310, 35 S. W. 2d 333, 334: ''The correctness or incorrectness of the board's award is not before us for determination, since no appeal was taken to the circuit court within the time prescribed by law. Even if erroneous, the circuit court had no option except to enforce the award as made.''

The record discloses that appellee has been employed by the Gentry-Thompson Stockyards Company since 1926. Prior to his injury in July, 1942, his duties consisted chiefly of supervising the loading and unloading of livestock, conducting sales in the sales ring, and handling livestock in the aisles, chutes, and pens at the stockyards. Since the accident in which he was injured he has been unable to perform any of these duties, but he is able to drive an automobile and he was employed immediately after the accident at a salary of $75 a month to solicit business for the stockyards company in Fayette and adjoining counties. He furnishes the automobile and pays the cost of its operation, which, according to his testimony, amounts to about $10 a week. The amount of his salary prior to the accident does not

appear, but it is conceded that it was considerably more than $75 a month. When the Workmen's Compensation Board made its award in November, 1943, it knew that appellee had been working for the stockyards company at a salary of $75 a month since July 22, 1942, and it knew the nature of the services he was performing. With these facts before it, the Board awarded appellee compensation at the rate of $15 a week from July 22, 1942, subject to a credit for all payments made to him prior to the award as compensation under the act, and "subject to the further credit of the number of weeks in which the defendant employs the plaintiff and pays him as much as $20 a week or more." As to the last credit, the Board was speaking prospectively. It knew that appellee had been receiving a salary of $75 a month from his employer since July, 1942, and yet it failed to direct any credit by reason of the employment. The Board, by its award, plainly intended that no credit should be charged against appellee unless and until his employer paid him as much as $20 a week. The award makes any credit conditional upon the payment by the employer of a salary of at least $20 a week.

The brief for appellants contains an interesting discussion of the rule announced in the Ditty case and of that rule as applied or construed in subsequent cases such as Columbus Mining Co. v. Sanders, 289 Ky. 438, 159 S. W. 2d 14, and Hall v. Black Star Coal Co., 296 Ky. 518, 177 S. W. 2d 900. The discussion would be pertinent on an appeal from the award, but, as heretofore stated, the correctness of the award is not in issue. The only question is: What is the correct construction of the award as made by the Board? We think that the circuit court correctly construed the award in the action to enforce it.

Judgment is affirmed.