## Mary Helen Coal Corporation v. Dusina et al.

December 3, 1948.

James Sampson and Sampson & Sampson for appellant.

Doyle & Doyle for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellee, James Dusina, suffered a broken leg below his knee in an industrial accident on November 30, 1942. He was awarded compensation for temporary total disability of 54 6/7 weeks and in addition $4.20 a week for 145 1/7 weeks on account of 35 percent permanent partial disability. His injured leg was left about an inch shorter than it was, and, of course, shorter than his other one.

The employee resumed his same employment as a miner and has been earning more than he earned at the time of his injury. His work since his injury compares favorably with that of other men doing the same type of labor. For the six-month period prior to his injury, Dusina's average daily wage was $10.71. After his return to work in August, 1943, it was $15.94, or $5.23 more per day. The employer, the appellant, Mary Helen Coal Corporation, claims that its employee is not entitled to collect disability benefits on this account, or so long as he is so paid. It relies upon what has come to be called the "Ditty Rule" by which this court has held that an employer is relieved of compensation payments so long as he furnishes his disabled employee a job at which he earns, or could earn, an amount equal to or greater than the compensation award. Consolidation Coal Co. v. Ditty, 286 Ky. 395, 150 S. W. 2d 672. The rule has been applied quite uniformly where the awards were under KRS 342.110, which permits the Board to determine the extent of disability and the amount of compensation. We have held that the rule is not applicable where the Board determines that the disability is of the character defined by KRS 342.105, which fixes definite measurements of compensation for enumerated losses resulting in partial disability. Atlas Coal Co. v.

Moore, 298 Ky. 767, 184 S. W. 2d 76. The conclusion of nonapplicability was also reached where there was permanent total disability and the employee was rendered unable to do a particular type of work. Hall v. Black Star Coal Co., 296 Ky. 518, 177 S. W. 2d 900.

It must be agreed that our decisions have not been althogether consistent and that some confusion has resulted. But the trend has been toward applying the rule more freely. In our most recent case, Warner v. Lexington Roller Mills, 306 Ky. 142, 206 S. W. 2d 471, 473, 175 A. L. R. 722, we reviewed our opinions and pointed out that the objective of the Workmen's Compensation Law is not damages but is compensation for fixed periods to make up for the impairment or loss of earning power. We expressed the view that: "If by virtue of re-employment the employee is paid the same or better wages than he was receiving at the time of the injury, his earning power is not affected and the allowance of an award over and above the wages would be something in addition to recompense."

This view was reinforced by taking note of KRS 342.115, which provides that no compensation shall be paid where the employee unjustifiably refuses to accept suitable employment.

In the present case the Board in approving the finding of a referee regarded his determination of compensation to be under KRS 342.105, although it appears that the referee had not so regarded it since he had applied the Ditty Rule. However, the effect was, of course, that the Board itself made such a declaration and upon it denied the employer's right to be relieved of compensation payments. We think this was error. One of the disabilities enumerated in KRS 342.105 and the measure of compensation is, "For the loss of a leg, 65 percent of the average weekly wages during 200 weeks." KRS 342.105 (19). There was no severance of this employee's leg; it was shortened about an inch. The Board found he was only 35 percent disabled. While the period of the award is the same as that prescribed for a severance, the amount is far from being 65 percent of his average weekly wages. Neither can it be said that his injury is of "such nature as to more adversely affect his body, or his mind, or his sense of pain, or

his ability to labor, or his opportunity to obtain employment, than would be the case had there been a complete severance.'' Patton v. Travis, 298 Ky. 678, 183 S. W. 2d 956, 957. In that case we held the Ditty Rule should be applied since the evidence did not show that the employee ''sustained any disability to his body as a whole that he would not have sustained had he lost his entire hand.''

Under the facts of this case we are of opinion that the Board should have applied the Ditty Rule and that the case should be sent back to the Board for consistent action.

It may be observed that the legislature at its 1948 session in amending KRS 342.110 nullified this rule, which was formulated by the construction of that section before amendment and KRS 342.115. But that act did not become effective until after the judgment in this case was rendered.

The judgment is reversed.