## Crummies Creek Coal Co. v. Boyd.

October 28, 1949.

Clyde R. Levi and William B. Arthur for appellant.

George R. Pope for appellee.

STANLEY, COMMISSIONER—Reversing.

This is a Workmen's Compensation case. It has been resolved into the question of whether or not upon the reopening of the claim of the appellee, J. W. (Bill) Boyd, it should be declared that his permanent, partial disability is within the terms of KRS 342.105 or of KRS 342.110. The former prescribes definite compensation for a specific injury and the latter permits the Workmen's Compensation Board to determine the extent of disability and the amount of compensation for an injury to the body as a whole. Another question is the application of the so-called Ditty Rule, that is, the rule that an employer is relieved of compensation payments so long as he furnishes his disabled employee a job at which he earns or could earn an amount equal to or greater than the amount of the award. Consolidation Coal Company v. Ditty, 286 Ky. 395, 150 S. W. 2d 672. It is agreed that amendments to the Workmen's Compensation Act subsequent to the date of the injury do not affect the legal rights of the parties.

The employee suffered injury to his wrist and hand on September 18, 1946, and was paid compensation benefits until July 14, 1947. At the time he was injured he was earning an average weekly wage of $56.86. When he returned to work he was paid $78.30 a week thereafter. He continued to work as a laborer, a "trackman" in a mine, and performed substantially the same character of labor.

Compensation payments for the period he was totally disabled had been made under an agreed award. The case was reopened upon timely application. The Board, confirming the report of a referee, adjudged the em-

ployee to be entitled to recover compensation for partial, permanent disability of 20%, under the provisions of KRS 342.110. It was further provided that the employer might receive credit against the weekly compensation payments awarded during such time as it furnishes Boyd with work suitable to his physical capacity and at an average weekly wage at least equal to the wage which he was earning at the time of the accident. On review, the circuit court reversed the finding of the Board, held compensation was payable under KRS 342.105 and remanded the case to the Board accordingly.

The doctors are in substantial agreement that one or two carpal bones of the employee's right wrist had been displaced or were removed in an operation; that he has an ankyloysed condition of the wrist; suffers with pain throughout his arm upon manipulation of his wrist or the gripping of a tool, which gripping is weak and limited in power. Otherwise, there is good functioning of the member. The estimates of disability range from 20% to the hand to 60% to the arm. Considering the degree and character of disability and the fact that the employee had done substantially the same work as before, the Board placed his disability at 20% to the body as a whole. The appellee urges that his pleading, that is, the application for compensation, was only for a broken arm and hand and that the evidence sustains his claim that he has an injury of a specific member of the body and none other, hence that the court was right in holding KRS 342.105 to be applicable. The appellant maintains otherwise. The terms of KRS 342.105 confine its provisions to the "loss" of a member of the body or of a person's hearing except "for ankylosis (total stiffness of) or contractures (due to sears or injuries), which makes the fingers more than useless." Par. (11). In the present case there was no loss of any member, nor is there ankylosis or contractures, for the fingers are not made useless. The case is outside of the construction of KRS 342.105 that it is applicable if the injury results in greater disability or the actual loss of the use of a member though it was not severed. Kentucky Cardinal Coal Corporation v. Delph, 296 Ky. 295, 176 S. W. 2d 886 is typical. In Mary Helen Coal Corporation v. Dusina, 308 Ky. 658, 215

S. W. 2d 563, we reconsidered this subject in some detail and held there that where a man's leg had been shortened as the result of an industrial accident, his right to compensation was within the terms of KRS 342.110 and that the Ditty Rule was applicable. We cannot distinguish this from the Dusina case nor Black Mountain Corporation v. Letner, 303 Ky. 807, 199 S. W. 2d 611. We are of opinion that the court should have confirmed the finding of the Compensation Board.

The judgment is accordingly reversed.