## Cornett-Lewis Coal Co. v. Day et al.

February 10, 1950.

J. S. Forester, Judge.

222

G. E. Reams for appellant.

George R. Pope for appellees.

STANLEY, COMMISSIONER—Affirming.

In this appeal from a judgment confirming an award of the Workmen's Compensation Board to Bill Day, the contentions of the appellant, Cornett-Lewis Coal Company, may be listed as (1) the employee suffered no trau-

matic injury in the course of and arising out of his employment, (2) the disability was due principally to a preexisting disease, (3) whatever injury he suffered is not compensable under the terms of KRS 342.110, and (4) the amount allowed for medical expenses is too great.

The provision of the statute authorizing appeals to this court contemplates a transcript which incorporates only the parts of the record considered by the Compensation Board and the circuit court as are essential to a review. This is in the interest of convenience, expedition and economy. But an amendment enacted in 1948 permits the entire record before the Board *"properly bound"* to be used in the circuit court and the use of the same as part of the transcript filed in the Court of Appeals. KRS 342.295, Acts of 1948, Chapter 152. We discover no purpose in this legislative authority to modify any rule of practice which has been promulgated by this Court. Rule 1.180 is as follows: "Where the evidence in a case is sent to this court in a transcript of the evidence filed in the lower court as permitted by law, there must be put at the beginning of such transcript a full index thereof whether such transcript contains one volume or more. If the transcript is in more than one volume there must be in addition to the general index at the beginning of the transcript, an index of each volume in front of it. The index shall show the name of each witness and the page on which his testimony begins. It shall also show the page on which all deeds, contracts and other exhibits may be found and each exhibit shall be indicated in the index by some brief description sufficient to show what the paper is."

This and other rules were not made to be ignored. They exist that the record may be presented in an orderly form for use in connection with the briefs. An applicable rule is, in part, that a brief shall contain the "exact reference to the pages of the record supporting each assertion" and the argument in relation thereto. Rule 1.340.

The present record contains no index; consequently, the briefs contain no references to the pages on which evidence referred to may be found. It consists of numerous depositions, indiscriminately taken on several different occasions and bound in batches into four

volumes with little coordination. Some of these depositions have been stricken by order of the Board, but they are, nevertheless, included in the record brought here. We cannot refrain from condemning the record. We might well set aside the submission of the case and return it for proper presentation; but we perceive nothing in the appellant's brief, or any general examination of the record, that requires a reversal of the judgment. And here it may be observed that the appellant's confidence that we would also read three or four briefs which it had filed with the Board is not well founded. We consider only the several briefs filed in this court on the appeal. Notice is also taken that appellee's brief does not conform to Rule 1.340 relating to a statement of points and authorities. See Combs v. Thomas, 304 Ky. 654, 201 S. W. 2d 557.

There is much in the record that is immaterial, irrelevant and incompetent, and some things which might well have been stipulated since they became undisputed. Thus, the employer made it necessary for the employee to prove that it and he had accepted the provisions of the Workmen's Compensation Law.

The appellant says in its brief, "It is our contention that there is no evidence in this record to support the finding of the Board that the appellee sustained a traumatic injury in the course of and arising out of his employment." Two referees, the full Board, and the circuit court accepted positive testimony not only of the employee but of several fellow workmen that about 5 o'clock on the morning of July 9, 1946, while replacing a mine car on the track, a jack flew out and struck the employee on his knee. There is also the testimony of his foreman that he was hurt at the time. Over against this is merely the testimony of three or four fellow workmen that they did not see him hurt.

The real controversy seems to be, as the opinions of the referee and the full Board recite, as to the degree of traumatic injury and resulting disability. There was evidence of a pre-existing physical infirmity. After submission to a referee, under the direction of the Board, Day was examined by an independent doctor in Lexington who testified in the case. The record was then considered by another referee who found the employee to have been totally disabled for a longer period and a

greater degree of partial disability than did the full Board on review. After fully analyzing all the proof on the point, the Board found,

" '2. The plaintiff was totally disabled, due to said injury, for 20 weeks from July 9, 1946.

" '3. The plaintiff was partially disabled to the extent of 40% from November 26, 1946, for a period of 400 weeks.

" '4. After the plaintiff was injured, he was employed by the defendant at wages equal to or greater than the wage which he was earning at the time of injury.' "

There was ample evidence for the finding. The injury to the man's knee became seriously infected and he was left with a crooked leg. The appellant states the record shows the employee actually worked while the mine was in operation during the period the Board found that he was totally disabled, thereby disproving the finding. The appellant seems to view "total disability" as the deacon did the doctrine of "total depravity." Said he, "It's all right if a man will just live up to it." The claim is that this man did not live up to "total disability." The term, as used in the Workmen's Compensation Act, does not mean complete physical disability or absolute helplessness. It means that the injured man is disabled from performing the usual tasks of a workman irrespective of whether the loss manifested itself in incapacity to perform work that may be obtainable by one of his ability or talents. Olson v. Triplett, 255 Ky. 724, 75 S. W. 2d 366.

Appellant points out that the Board stated it had found no disability to the body as a whole but only to the man's leg or knee, and then measured the compensation for partial, permanent disability by KRS 342.110 and applied the so-called Ditty rule. The argument is that the finding should have been under KRS 342.105 since the Board found no evidence of disability to the body as a whole. The point does not seem to be material for, of course, it was to the company's advantage to have this rule applied even during the brief period before the employee was fired from his job. The appellant seems to misread the statutes and our decisions construing them. KRS 342.105 covers enumerated loss-

es of various members of the body. KRS 342.110 covers "all other cases of permanent, partial disability." It is true that in a few cases it has been held that the use of a member was so completely destroyed as to be the equivalent of the loss of that member as enumerated in KRS 342.105, but the crippling of a leg is clearly within the terms of KRS 342.110. Mary Helen Coal Corp. v. Dusina, 308 Ky. 658, 215 S. W. 2d 563; Crummies Creek Coal Co. v. Boyd, 311 Ky. 307, 223 S. W. 2d 990.

There was evidence to authorize the amount of the award for medical expenses.

The courts are controlled by the statute, KRS 342.-285, frequently and consistently construed as limiting the judicial review to determining whether or not there was any evidence of probative value to support the finding of fact. This has been applied to a finding as to the proximate cause of injury and disability where it was claimed there was a pre-existing disease or physical infirmity. B. F. Avery and Sons v. Carter, 205 Ky. 548, 266 S. W. 50. Moreover, it is to be remembered that on appeal to a court of review, every presumption consistent with the record is in favor of the correctness of the decision of the circuit court; that in no case, particularly one of this class, will we indulge any presumption unfavorable to the judgment. Prejudicial error must affirmatively appear, and the burden is upon the appellant to make the error apparent or manifest. That has not been done in the present case.

Wherefore, the judgment is affirmed.