## WILBUR v. C. T. DEARING PRINT-ING CO., Inc., et al.

Court of Appeals of Kentucky.

May 18, 1951.

Rehearing Denied Oct. 5, 1951.

George B. Ryan, Louisville, for appellant.

Woodward, Hobson & Fulton, Louisville, for appellees.

CAMMACK, Chief Justice.

John J. Wilbur was injured while working as a pressman for the C. T. Dearing Printing Company. His claim for compensation was denied by the Board. The court dismissed his petition for review of the Board's decision and from that order he has appealed.

Wilbur's contention is that the decision of the Board is flagrantly against the evidence. The Board found that he was permanently disabled, but "that the asthma suffered by the plaintiff was not the natural and direct result of the fall suffered by the plaintiff on July 1, 1945, at the plant of the defendant." There is no dispute as to the injury. While working on his regular shift, Wilbur "slipped on some grease" and fell down a steel stairway injuring his back and left side. Almost immediately he developed an asthmatic condition which became progressively worse. Wilbur received treatments from a chiropractor and from various doctors of medicine. It is admitted that he had never suffered asthma before his fall, nor had there been any indication of such a

condition. At the time of the hearings he was receiving frequent injections of Adrenalin.

█ A review of a finding of fact by the Board is limited to a determination of whether there was any evidence of probative value to support the finding. Cornett-Lewis Coal Co. v. Day, 312 Ky. 221, 226 S.W.2d 951. Several doctors said that it was only in the realm of possibility that an accident such as Wilbur sustained could have caused asthma. The appellees introduced medical experts who testified that asthma would not result from trauma unless the injury sustained crushed the chest in a manner which could injure the lung. These doctors further testified that if such a crushing injury occurred, a condition known as "emphysema" might easily result, which condition is not a true asthma. However, they stated that Wilbur's injury was not of this "crushing" nature. The chiropractor who treated Wilbur testified that the case history of 99 per cent of his patients shows a previous fall and that Wilbur's condition could definitely have been caused by a fall.

Wilbur relies upon Hill v. Brown-Williamson Tobacco Corp., Mo.App., 98 S.W.2d 156 (Not reported in the State Reports). In that case the injured worker had a history of asthma. After the accident the asthma grew worse and he became disabled permanently. Medical experts testified that an accident could aggravate an asthmatic condition. The Missouri Compensation Board gave an award to the claimant, which was affirmed by the Missouri Court. It is to be noted that the Missouri Court was confronted with the same question as is presented here; namely, was there any evidence of probative value to sustain the Board's finding. The Missouri Court answered the question in the affirmative. We take the same view of the case before us. The Board's finding is not inconsistent with the finding in the Missouri case, considering the doubtfulness of the question and the evidence the Board had to consider.

█ The appellees' medical experts testified that, although Wilbur had asthma, they did not think he was permanently disabled as a pressman, which had been his occupation for years. As noted before, they also testified that they did not think the type of injury Wilbur sustained could have caused asthma. The Board found that Wilbur was disabled and the appellant argues that the Board could not consistently reject the testimony of the appellees' experts as to Wilbur's disability and accept that portion dealing with the accident as not being the cause of the asthma. We do not think one of these opinions is predicated upon the other. The Board could have accepted one and rejected the other, especially in view of the other evidence introduced.

Judgment affirmed.