## ANDERSON et al. v. WHITAKER et al.

Court of Appeals of Kentucky.

Feb. 29, 1952.

Rehearing Denied May 9, 1952.

I. Jay Miller, Lexington, for appellants.

Shumate & Shumate and Thomas D. Shumate, all of Richmond, for appellees.

SIMS, Justice.

This appeal is prosecuted from the judgment of the Madison Circuit Court affirming an award for total permanent disability made by the Workmen's Compensation Board to Burnis Whitaker of $15 per week for ten years, subject to certain credits subsequently mentioned. The employer appeals and the employee cross-appeals.

Appellant insists the court erred: 1. As to the extent and duration of appellee's disability; 2. in not applying the "Ditty" rule and giving appellant credit for the time it paid appellee a salary equal to, or larger, than he was earning when injured. On cross-appeal appellee asked a reversal on the ground that the time the award should start is the day of the injury, credited by $8 paid him for 4/7 of a week, and because the Board erroneously allowed appellant credit for the three years elapsing between the date of injury and the date the case was reopened.

Appellee was injured on April 6, 1946. The facts were stipulated which gave the Board jurisdiction; also, that appellee's salary was $25 per week and on May 7, 1946, a settlement was made with him wherein he was paid $8 for 4/7 of a week's

total disability, which was approved by the Board. On April 11, 1949, the Board reopened the case on the affidavits of appellee and his physician, W. C. Cloyd, that appellee did not regard his injury as serious or permanent when it occurred but he has a herniated disc and is permanently and totally disabled from working at his trade as a plumber. When the case was reopened under KRS 342.125 the Board heard the evidence offered by appellee, none being offered by appellant.

There is no contrariety in the facts. Appellee, a veteran of the late war, was learning the plumbing trade under appellant, who operated a plumbing business in Richmond. He was paid a salary by appellant of $25 a week and the federal government paid him $90 per month while he was learning the trade. On April 6, 1946, while stooping over in an attempt to pick up a piece of pipe, appellee suffered a sharp pain in his back, immediately reported this to his employer and was off from work ten days. Upon returning to work he assumed the duties of a storeroom-keeper at the same salary and not believing his injury was serious or permanent, he accepted $8 for 4/7 of a week for temporary total disability, which settlement was approved by the Board.

Appellee continued to work as a storeroom-keeper and by so doing stopped training as a plumber and this caused him to relinquish the $90 per month paid by the government. At intervals of about six months his back troubled him and appellee would cease work for a week or ten days, recuperate and then return to work. In 1949 Dr. Cloyd found appellee had suffered a herniated disc on April 6, 1946, and testified this totally and permanently disabled him from working as a plumber, or any other job that required lifting. Appellee consulted several doctors, went to a veterans' hospital, was given "some shots" and a brace was put on his back which he was still wearing at the time of the hearing.

Appellant introduced no evidence and in brief admits appellee "suffered what is commonly known as a herniated disc". At the time of the hearing appellee's salary was $30 per week.

The referee who heard the case found appellee had a 25% partial permanent disability and awarded him $3 per week for 335 weeks from April 11, 1949, but allowed appellant credit for the number of weeks it employed him at a wage equal to, or in excess of, the $25 per week he was receiving at the time of the injury. On appeal to the full Board, it set aside the holding of the referee and found appellee's disability was total and permanent and awarded him $15 per week "for not more than ten years following the date of injury, April 6, 1946, which had not expired on April 11, 1949, and not to exceed $7500, subject to a credit of ⁴⁄₇ of a week paid by the defendant, and all unpaid installments to bear interest at 6% per annum from the due date", and medical bills incurred within 90 days following the injury, not to exceed $200.

■ Since appellee is able to work in its storeroom and earn $30 per week while he only received $25 a week at the time of his injury, appellant strenuously argues appellee is not totally disabled. However, the rule is, "total disability" does not mean absolute helplessness or entire physical disability but means inability to perform the work of one's trade, or inability to obtain work. Consolidation Coal Co. v. Crislip, 217 Ky. 371, 289 S.W. 270; Olson v. Triplett, 255 Ky. 724, 75 S.W.2d 366; Black Star Coal Co. v. Surgener, 297 Ky. 653, 181 S.W.2d 53; Wood Mosaic Co. v. Brown, 303 Ky. 741, 199 S.W.2d 433.

■ Here, appellee had only a sixth grade education, depended on manual labor for his living and was learning the plumber's trade. The proof shows he can no longer do manual labor. The fact that he is able to obtain work as a storeroom-keeper at wages of only one-third or one-fourth of what he could earn once he became a plumber, does not prevent him from being totally disabled under the Workmen's Compensation Act.

■ The employer was never able to take credit under the "Ditty" rule for the time it pays the injured employee a salary, equal to, or in excess of, what he was receiving when injured where the injury results in total permanent disability. Hall v. Black Star Coal Co., 296 Ky. 518, 177 S.W.2d 900; Mary Helen Coal Corp. v. Dusina, 308 Ky. 658, 215 S.W.2d 563.

Appellant puts much reliance in Travelers Ins. Co. v. Edwards, 301 Ky. 162, 191 S.W.2d 221 and Warner v. Lexington Roller Mills, 306 Ky. 142, 206 S.W.2d 471, 175 A.L.R. 722. Neither case has any application to the instant one. In the Edwards case the correctness of the award was not in issue, and in the Warner case the injury was a partial permanent one.

■ We come now to the cross-appeal. At the outset appellant insists that appellee, Whitaker, may not prosecute a cross-appeal against his coappellee, the Board. The general rule is as contended by appellant, an appellee may not prosecute a cross-appeal against a coappellee. James v. Smith, 205 Ky. 331, 265 S.W. 822, and the many authorities cited therein. However, Whitaker's motion was not for a cross-appeal against the Board, but he sought and was granted a cross-appeal against appellant.

The opinion of the Board recites that under KRS 342.125, as construed in Schaab v. Irwin, 298 Ky. 626, 183 S.W.2d 814, in reopening the case the increased compensation cannot be made retroactive to the date of Whitaker's injury, but can only have prospective effect and should run for that portion of the compensable period following the accident which had not expired on the date the case was reopened. It misconstrued the Schaab opinion, or rather misapplied the rule there announced to the case at bar.

■ When a case is reopened, the statute, KRS 342.125, forbids a retroactive effect to any new award only so far as it affects any sums already paid under the previous award. This is what was decided in the Schaab case. Had Whitaker been paid an award continuously up to the time his case was reopened, the Board would have been correct in having the new award start from the date the case was reopened and to continue for the time not then expired. However, Whitaker was only paid for ⁴⁄₇ of a week after receiving his injury and this is all the credit to which his employer is entitled on the new award. There is a full discussion of the question in Wil-

liams v. Gordon, 313 Ky. 377, 231 S.W.2d 89, where many of our cases are reviewed, including the Schaab opinion, hence it is unnecessary to go into the question here.

But the Williams opinion said interest should not have been allowed on the past due payments in the circumstances of that case, and we think in the circumstances presented by this record no interest should be allowed Whitaker on the past due payments. Appellant asks us to overrule the Williams case. This we decline to do. It is not only sound, but is based on several cases reviewed therein.

The judgment is affirmed on the appeal and reversed on the cross-appeal with directions that the case be referred to the Board for an award consistent with this opinion as to the time it shall start and the credit to which the employer is entitled.