### PFOFF et al. v. OSBORNE.

Court of Appeals of Kentucky.

June 23, 1954.

Willis W. Reeves and Maxwell P. Barret, Hazard, for appellants.

Robert Muncy, Hyden, for appellee.

CAMMACK, Justice.

This is an appeal from a judgment wherein the Leslie Circuit Court reversed and remanded an order of the Workmen's Compensation Board. The Board's order reduced Dee Osborne's disability from 100 per cent to 33⅓ per cent. The court directed the Board to restore Osborne's award for total disability.

Osborne was injured by a slate fall on May 13, 1949, while working for the P & H Coal Company. He received a comminuted fracture of the right upper femur, dislocation of the left femur and a fracture of the superior and inferior rami of the right pubis. On June 2, 1949, Osborne and the Company entered into an agreement which provided that he be paid compensation on the basis of total disability for an indefinite period. This agreement was approved by the Board. On September 22, 1950, the Company stopped paying Osborne compensation. On October 16, 1950, the Company filed an application with the Board for a modification of his claim. On February 16, 1951, the Company, pursuant to KRS 342.125, filed a motion with the Board to reopen the agreement upon the ground of change of condition. The motion was sustained on March 6, 1951. A hearing was held before a referee, who recommended that the Company continue paying Osborne compensation on the basis of total disability. The Company, pursuant to KRS 342.280 and KRS 342.315, moved for a Full Board review and the appointment of a disinterested physician to examine Osborne. The Board appointed Dr. Kearns R. Thompson, an orthopedic surgeon of Lexington, to make the examination.

After reviewing the evidence and opinion of the referee and the testimony of Dr. Thompson, the Board ordered the Company to pay Osborne compensation on the basis of 33⅓ per cent to the body as a whole. The Board also ordered the Company to begin payments on February 16, 1951. Compensation was directed to be paid for a period not exceeding 400 weeks, and in an amount not exceeding $8,100. "The Company was allowed to take credit for the maximum period and the maximum sum provided for under the award of July 19, 1949." Osborne was allowed to recover interest on all past due and unpaid installments from the date the motion to reopen the case was filed, at the rate of 6 per cent.

On June 4, 1952, Osborne filed a petition for review in the Leslie Circuit Court. The court reversed the opinion and award of the Board, and held that the Board had erred in ordering that Osborne recover compensation for a period of 400 weeks, because the Compensation Act provides that compensation shall be paid for a period not exceeding 450 weeks. The court held also that it was error to allow the Company to take credit for the maximum period and the maximum compensation already paid; and that the Board erred further in failing to allow Osborne to recover interest on all unpaid installments. The court held also that the Board erred in appointing and giving weight to the testimony of Dr. Thompson. The court concluded that the Board's action in finding that the Company had sustained the burden of showing a change in Osborne's physical condition and by entering a new award on the basis of 33⅓ per cent for permanent partial disability to the body as a whole was not supported by any competent evidence or evidence of probative value.

The Company admits that that part of the judgment was correct which allowed compensation for 450 weeks instead of 400 weeks. It has appealed from the part which declared that there was no competent evidence or evidence of probative value to sup-

port the finding that Osborne was only 33⅓ per cent disabled; that the Board exceeded its authority by appointing Dr. Thompson. The Company insists also that Osborne had forfeited his right to any further interest on unpaid compensation due under the Full Board's award of May 20, 1952, by his refusal to accept the unpaid payments tendered him on June 23, 1952, together with interest thereon totaling $901.01.

In determining Osborne's disability the Board's order shows that it gave weight to Dr. Carr's finding that he had a 40 to 50 per cent disability to the right leg, or 33⅓ per cent to the body as a whole. Incidentally, Dr. Thompson placed the disability to the body as a whole at 37 per cent. Dr. Thompson's testimony was given some weight, but the Board in considering it along with Dr. Hagan's testimony, who placed Osborne's disability at 50 per cent, and that of Drs. J. Campbell Thompson and J. C. Coldiron, who placed it at 100 per cent, noted that there was a doubt that the disability extended to the pelvis. The record shows that Dr. Kearns Thompson's examination was not considered as being conclusive as to the extent of Osborne's disability.

■■■ The Compensation Board is a fact-finding body, and if there is any evidence of probative value to support its findings of fact we do not disturb its opinions and awards based thereon. Wilbur v. C. T. Dearing Printing Company, Inc., Ky., 242 S.W.2d 99. In examining the record we find ample evidence to support the Board's conclusions and award, except in the particular instance noted.

Although it was proven that Dr. Kearns Thompson had examined persons for the Company's insurance carrier, we fail to see how Osborne was prejudiced by his testimony. This is manifested by the fact that Dr. Thompson gave Osborne a larger percentage of disability than the Board's finding allowed. It was not shown that Dr. Thompson gave testimony lessening Osborne's disability in order to gain favor with the insurance carrier.

■■■ After the Board's award of May 20, 1952, the Company tendered Osborne all past due payments up to February 16, 1951, under the June 2, 1949 agreement, and payments based upon 33⅓ per cent disability from February 16, 1951, together with the accrued interest thereon up to the time of tender of June 23, 1952. Osborne refused the tender. Upon a petition for a review the Leslie Circuit Court ordered the Company to pay interest on all unpaid installments. The question now arises, Does a bona fide tender of an amount due cut off the interest from the date of tender? Where a bona fide tender is made and is continued, it stops liability for interest. Lloyd v. O'Rear, 59 S.W. 483, 22 Ky. Law Rep. 1000.

The judgment is reversed, with directions to the court to remand the case to the Compensation Board for the entry of an order allowing Osborne interest up to the date of tender (June 23, 1952).