**Oel BARTLEY, Appellant,**

v.

**Albert BARTLEY et al., d/b/a Bartley, Blevins & Clarke Coal Company, Appellees.**

Court of Appeals of Kentucky.

Oct. 22, 1954.

Rehearing Denied Jan. 21, 1955.

V. R. Bentley, Pikeville, for appellant.

Hyden & Sanders, Pikeville, for appellees.

WADDILL, Commissioner.

The appellant, Oel Bartley, filed an application before the Workmen's Compensation Board against the appellee coal company seeking compensation benefits on account of an injury he allegedly suffered while at work in appellee's coal mine. Following a hearing, the Compensation Board dismissed the appellant's claim on the grounds that the appellant had failed to prove that his injury arose out of and in the course of his employment with the ap-

pellee coal company, as required by KRS 342.005, and, that the appellant had failed to give his employer notice of his accident pursuant to KRS 342.185. The circuit court confirmed the order of the Compensation Board.

The appellant was employed by the appellee coal company on October 1, 1951. Prior thereto, he had been working for other coal companies for a period of over 20 years.

The appellant testified that during the morning of November 8, 1952, while at work in appellee's coal mine, he lifted a steel rail which caused a severe pain in his back and lower spine. He made no complaint about being injured to a fellow employee who was working near him, nor to any of the mining officials. He said that he was unable to continue working that day, and as he left the mine he told one of the owners of the mine that he was sick. The appellant admits that he resumed his duties on the next working shift and continued loading coal in the appellee's mine for nineteen days. The appellant stated that he consulted Dr. John Scott about his physical condition on several occasions during the month of November, but he obtained no relief from his pain; that pursuant to his own arrangements he entered the St. Joseph's Hospital in Lexington on January 18, 1953, and was operated upon on January 27, 1953, by Dr. Snow, who removed a ruptured disc from his lower spine.

The medical testimony introduced in the appellant's behalf established that he had a large sequestered disc removed from his lower spine on January 27, 1953, and that as a result thereof, he would suffer permanent disability of 48 per cent to his body as a whole.

The evidence introduced in behalf of the appellee coal company shows conclusively that it received no notice of appellant's alleged accident and injury until December 22, 1952. Several witnesses, who were employed at the mine on November 8, 1952, and who saw the appellant leave the mine that day, testified that appellant said nothing to them about being injured, but did hear him tell Dora Blevins, one of the owners of the mine, that he was sick.

The question of whether or not there was reasonable cause shown for the delay in giving notice of the injury to the appellee coal company must be first determined. In cases of this character we have said that KRS 342.185 should be liberally construed in favor of the employee to effectuate the beneficent purposes of the Compensation Act. Turner, Day & Woolworth Handle Co. v. Morris, 267 Ky. 217, 101 S.W.2d 921; Bates & Rogers Construction Co. v. Allen, 183 Ky. 815, 210 S.W. 467. In view of the nature of the alleged injury suffered by the appellant and the known fact that herniated discs often appear gradually and are disabling in proportion to the degree of progress of the herniation, we conclude as a matter of law the notice was adequate and was given as soon as practicable.

We are now confronted with the Board's additional finding that the appellant failed to sustain the burden of showing that he had received an injury by accident arising out of and in the course of his employment. In reviewing this finding we must adhere to the well established rule that on questions of fact, the Board's findings, when supported by competent and substantial evidence, are conclusive, and will not be disturbed on a review by the courts. Totz Coal Co. v. Creech, Ky., 245 S.W.2d 924; Wilbur v. C. T. Dearing Printing Co., Ky., 242 S.W.2d 99; Humble v. Liggett & Myers Tobacco Co., Ky., 239 S.W.2d 469.

The claim of the appellant that his disability was caused by the alleged accident was thrown into doubt to some extent by the conflicting statements he made concerning why he quit work. There was no substantial evidence that connected the injury with an accidental cause. Nor was the evidence which was introduced to support the claim of a clear and convincing nature. Therefore, we cannot justifiably conclude as a matter of law that the Compensation Board acted erroneously in reach-

ing its finding that the appellant failed to sustain the burden of proof.

The facts in this case are very similar to those reported in Columbus Mining Co. v. Childers, Ky., 265 S.W.2d 443, and we think the reasons assigned therein for sustaining the findings of the Compensation Board are also applicable and controlling to the case at hand.

Judgment affirmed.