**Jesse RALEY, Appellant,**

v.

**PITTSBURG–DES MOINES STEEL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 7, 1958.

W. C. Edrington, Louisville, for appellant.

Gavin H. Cochran, Louisville, Jo M. Ferguson, Atty. Gen., for appellees.

CULLEN, Commissioner.

Jesse Raley sought workmen's compensation for an injury to his eye claimed to have been sustained during the course of his employment with the Pittsburg-Des Moines Steel Company. The Workmen's Compensation Board found that the injury was not sustained during Raley's employment with the steel company, and dismissed his claim. He appealed to the Jefferson Circuit Court, which entered judgment dismissing the appeal. He seeks here a reversal of that judgment.

It appears that the basis of the Circuit Court's judgment was that the Jefferson Circuit Court had no jurisdiction, because under KRS 342.285(1) and 452.450 the appeal could be taken only to the Hardin Circuit Court (the accident being alleged to have happened in Hardin County). The appellant argues that the question is not one of jurisdiction, but of venue, and that the appellee waived the improper venue by answering to the merits before filing motion to dismiss.

We consider it unnecessary to pass on the questions of jurisdiction and venue because it is our opinion that even if the Circuit Court had taken jurisdiction of the case, it would have been required to affirm the order of the board.

Raley testified before the board that the accident to his eye occurred early on the afternoon of June 2, 1955, which was the last day of his job with the steel company; he reported it to his foreman and that night he went to Norton Infirmary, where he was advised by an interne to see an eye specialist; the following day he went to see Dr. Leggett, who removed a foreign substance from his eye, and one week later he again visited Dr. Leggett for a check-up. Raley introduced no other witnesses on the question of when, where and how the alleged injury was sustained.

Dr. Leggett testified that Raley first visited him on June 8, 1955, and told him that the accident had happened on June 4, "not on the job," that Raley's second visit was on June 23, and on that occasion the doctor found no indication of any permanent injury.

The compensation board was of the opinion that Raley's statements concerning the time and circumstances of the alleged accident, made to Dr. Leggett shortly after the alleged accident occurred, were more reliable than the self-serving statements made in his testimony before the board approximately one year after the alleged accident. The board accepted Dr. Leggett's testimony and found as a fact that the alleged accident did not occur on the job with the steel company.

Raley's conflicting statements were such as to throw his claim into doubt, and his evidence before the board was not so clear-cut and convincing as to require the board to accept it as true. See Columbus Mining Co. v. Childers, Ky., 265 S.W.2d 443; Bartley v. Bartley, Ky., 274 S.W.2d 48. The compensation board had competent probative evidence, in Dr. Leggett's testimony, on which to base its finding that the accident did not happen on June 2, and the finding therefore must be upheld.

The judgment is affirmed.